# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

AURACHER v. OMAHA & ST. L. R. CO.

(Circuit Court, S. D. Iowa, W. D.   March 21, 1900.)

1. REMOVAL OF CAUSES—JURISDICTION ACQUIRED BY FEDERAL COURT.

An action in a state court against a railroad company to recover overcharges alleged to have been exacted from plaintiff in violation of the interstate commerce act is one in which the state court is without jurisdiction of the subject-matter, and a federal court cannot, therefore, acquire jurisdiction by removal.

2. SAME—SUITS REMOVABLE—CONTROVERSY OVER QUESTION OF JURISDICTION.

A controversy over the question of the jurisdiction of a state court over the subject-matter of an action is one which renders the cause removable, where it is between citizens of different states and the requisite amount is involved, and the question of the state court's jurisdiction may be raised and determined in the federal court after removal.

On Motion to Dismiss for Want of Jurisdiction.

Plaintiff sued defendant railroad company in the district court of Page county, Iowa, to recover certain alleged overcharges amounting to $2,390. Defendant removed the case to the federal court, on the ground of diverse citizenship, the amount in controversy being over $2,000. When the transcript from the state court was filed, defendant moved to require plaintiff to file a bond for costs, the motion was sustained, and plaintiff gave a bond. Defendant then moved to strike the petition for want of jurisdiction for the reason that the state court, from which the case came, had no jurisdiction of the subject-matter; it being a suit in the state court under the provisions of the interstate commerce act.

W. P. Ferguson and Harl & McCabe, for plaintiff.
J. G. Trimble and G. B. Jennings, for defendant.

SHIRAS, District Judge.   This action was brought in the district court of Page county, Iowa, to recover damages for alleged overcharges on shipments of produce by plaintiff over the line of the defendant company, a common carrier engaged in interstate commerce business. Upon petition of the defendant company the case was ordered removed into this court, the application for removal being based upon the provisions of the judiciary acts of 1887–88. From the averments of the pleadings and admissions of counsel, it appears,

102 F.—1

and must be held, that the action is based upon alleged violation of the interstate commerce act, and the defendant now moves that the action be dismissed for the reason that the state court had not jurisdiction over the subject-matter of the controversy. Granting this to be true, the question arises whether the case should be dismissed for want of jurisdiction in the state court over the case as originally brought, or whether it should be remanded to the state court because it is not properly removable.

When the argument was had, I expressed the opinion that, under the special circumstances of the case, the proper order would be to remand the case to the state court upon the ground that the removal was improvidently made; because the state court did not have jurisdiction over the subject-matter concurrent with the United States court; but upon reflection I hold that the question of jurisdiction is a controversy which justified the removal, as the parties are citizens of different states, and the amount involved exceeds $2,000, exclusive of interest and costs.

It is not seriously questioned that the subject-matter of the action upon the merits is not within the jurisdiction of the state court, and this court, as its successor, is therefore without jurisdiction, and the motion to dismiss must be sustained. Plaintiff excepts.