LAMBERT RUN COAL COMPANY *v.* BALTIMORE & OHIO RAILROAD COMPANY.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE FOURTH CIRCUIT.

No. 153. Argued March 6, 7, 1922.—Decided April 10, 1922.

1. A suit by a shipper to enjoin a railroad company from following rules for car distribution which have been prescribed by the Interstate Commerce Commission under par. 15 of § 1 of the Act to Regulate Commerce as amended by the Transportation Act of 1920, is a suit to stay an order of the Commission, and can be brought only in the District Court, where the application must be heard by three judges and the United States is an indispensable

party.· Act of October 22, 1913, c. 32, 38.Stat. 208, 220; Jud. Code, §§ 208, 211. P. 381.

2. Jurisdiction of a suit to restrain a railroad company from following rules for car distribution prescribed by the Commission can not be acquired by a state court, or by the District Court upon removal therefrom, through the plaintiff's concealment of the fact that the rules were.so prescribed. P. 382. *Healy v. Sea Gull Specialty Co.*, 237 U. S. 479, distinguished.

267 Fed. 776, modified and affirmed.

APPEAL from a decree of the Circuit Court of Appeals reversing an order of the District Court, which granted an interlocutory injunction, and directing that the injunction be dissolved and the bill dismissed for want of jurisdiction, in a suit by the appellant to restrain the appellee from following certain rules of car distribution, and to require it to furnish cars upon another basis.

*Mr. Frank E. Harkness* and *Mr. Rush C. Butler*, with whom *Mr. Ernest S. Ballard* and *Mr. Herbert Pope* were on the briefs, for appellant.

*Mr. A. G. Gutheim* and *Mr. R. V. Fletcher*, with whom *Mr. Hugh L. Bond, Jr.*, and *Mr. W. S. Bronson* were on the brief, for appellee.

*Mr. Solicitor General Beck* and *Mr. Blackburn Esterline*, Special Assistant to the Attorney General, by leave of court, filed a brief on behalf of the United States, as *amici curiae.*

MR. JUSTICE BRANDEIS delivered the opinion of the court.

The distribution of coal cars in times of car shortage has been a fertile field of controversy. The subject has received much attention from Congress, the Interstate Commerce Commission and the courts. Definite rules for distribution were promulgated by the Commission; and they remained in force for many years. Among these

was the so-called assigned car rule declared by the Commission in *Railroad Commission of Ohio* v. *Hocking Valley Ry. Co.,* 12 I. C. C. 398, and *Traer* v. *Chicago & Alton R. R. Co.,* 13 I. C. C. 451, and sustained by this court in *Interstate Commerce Commission* v. *Illinois Central R. R. Co.,* 215 U. S. 452.[1]   As an incident of the war this rule was modified by the Railroad Administration acting in conjunction with the Fuel Administration; and the assignment of cars for railroad fuel was abandoned.   When by the Transportation Act, 1920, provision was made for restoring the railroads to private control, § 1 of the Act to Regulate Commerce was amended, among other things, by inserting a paragraph numbered 12, which deals specifically with the distribution of coal cars.   Act of February 28, 1920, c. 91, § 402, 41 Stat. 456, 476.

In June, 1920, the Lambert Run Coal Company, a West Virginia corporation, which owns and operates a mine in that State, brought, in the Circuit Court of Marion County, this suit against the Baltimore & Ohio Railroad Company, a Maryland corporation.   The bill alleged that there was an acute car shortage; that the railroad had refused to make the distribution required by paragraph 12 of § 1 of the Act to Regulate Commerce and in violation thereof distributed cars in accordance with its own rules 8, 9 and 10, set out in the margin,[2] and that this course was resulting in irreparable injury to plaintiff.   The bill

---

[1] See also *Rail & River Coal Co.* v. *Baltimore & Ohio R. R. Co.,* 14 I. C. C. 86; *Hillsdale Coal & Coke Co.* v. *Pennsylvania R. R. Co.,* 19 I. C. C. 356; *In re Irregularities in Mine Ratings,* 25 I. C. C. 286; *Coal and Oil Investigation,* 31 I. C. C. 193, 217; *In re Assignment of Freight Cars,* 57 I. C. C. 760; *Southern Appalachian Coal Operators' Association* v. *Louisville & Nashville R. R. Co.,* 58 I. C. C. 348; *Corona Coal Co.* v. *Southern Ry. Co.,* 266 Fed. 726.

[2] "8. Private cars and cars placed for railroad fuel loading in accordance with the decisions of the Interstate Commerce Commission in *Railroad Commission of Ohio et al.* v. *H. V. Ry. Co.,* 12 I. C. C. 398, and *Traer* v. *Chicago & Alton Railroad Co. et al.,* 13 I. C. C.

prayed that the railroad be restrained from observing
these rules and that it be required to furnish cars in ac-
cordance with the established ratings.

The defendant removed the case to the federal court
for the Northern District of West Virginia and there filed
in a single pleading a motion to dismiss and an answer.
As grounds for the motion it alleged that the case was not
one within the jurisdiction of the state court; that, since
it did not appear that the Commission had taken any ac-
tion in respect to the matter complained of, neither court
had jurisdiction of the controversy; that the plaintiff had
concealed the fact that the rules of the carrier complained
of were, as plaintiff knew, rules which had been promul-
gated by the Commission; that the bill was thus one to re-
strain enforcement of an order of the Commission; and
that the United States and the Commission were indispen-
sable parties.   The answer set forth the facts supporting
these allegations and, among other things, that the rules
promulgated by the Commission and adopted by the car-
rier had been issued on April 15, 1920, in pursuance of the
emergency provision known as paragraph 15, inserted in
§ 1 of the Act to Regulate Commerce by the Transporta-
tion Act, 1920, *supra,* 41 Stat. 456, 476.

Plaintiff then moved in the District Court for an inter-
locutory injunction.   The defendant, insisting that the

---

451, will be designated as ' assigned ' cars.   All other cars will be
designated as ' unassigned ' cars.

"9. If the number of assigned cars placed at a mine during any
period, as provided in Rule 6, equals or exceeds the mine's pro rata
share of the available car supply, it shall not be entitled to any un-
assigned cars.   The assigned cars, together with the mine's require-
ments, will be eliminated, and the remainder of the available car
supply pro rated to the other mines, based on a revised percentage
by reason of such elimination.

"10. If the number of assigned cars placed at a mine during any
period, as provided in Rule 6, is less than its pro rata share, based
on a revised percentage, it shall be entitled to receive unassigned
cars in addition thereto to make up its pro rata share."

proceeding was one to stay an order of the Commission, objected to a consideration of the motion in the absence of two other judges as provided by Act of October 22, 1913, c. 32, 38 Stat. 208, 220. Both this objection and the motion to dismiss were overruled by the District Judge; and an interlocutory injunction in accordance with the prayer of the bill was issued. From this order defendant appealed to the Circuit Court of Appeals for the Fourth Circuit. That court stayed the injunction pending the determination of the appeal; and later reversed the decree below with directions to dissolve the injunction and dismiss the bill. 267 Fed. 776. The reasons given by the Circuit Court of Appeals for its decision are, in substance, that the car distribution rule complained of appeared on uncontroverted facts to be that prescribed by the order of the Commission issued April 15, 1920; that this order was issued under paragraph 15 of § 1 of the Act to Regulate Commerce; that it was within the emergency powers there conferred; that the rights and duties prescribed by paragraph 12 of that section were not absolute, but were subject to suspension or modification by the Commission in case of emergency, as provided in paragraph 15; and that, therefore, the bill should have been dismissed. It added that the District Court erred in issuing the injunction for the further reason that, since the relief sought was to enjoin an order of the Commission, it could be granted only by a court of three judges.

The decree of the District Court was properly reversed; but we are of opinion that the Circuit Court of Appeals had no occasion to pass upon the merits of the controversy and that the direction should have been to dismiss the bill for want of jurisdiction and without prejudice. The rule of the railroad here complained of was that prescribed by the Commission. To that rule the railroad was bound to conform unless relieved by the Commission or enjoined from complying with it by decree of a court having jurisdiction. By this suit such a decree was in effect

sought. The appellate court was therefore correct in holding that in such a suit an injunction of the District Court could be granted only by three judges.

But there are in addition two fundamental objections to the jurisdiction. First, the United States, an indispensable party to suits to restrain or set aside orders of the Commission, was not joined, and could not be, for it has not consented to be sued in state courts. Secondly, such suits are required to be brought in a federal District Court. Judicial Code, §§ 208, 211; Act of October 22, 1913, c. 32, 38 Stat. 208, 219. *Illinois Central R. R. Co.* v. *State Public Utilities Commission,* 245 U. S. 493, 504; *North Dakota* v. *Chicago & Northwestern Ry. Co.,* 257 U. S. 485; *Texas* v. *Interstate Commerce Commission, ante,* 158. The fact that this was a suit to set aside an order of the Commission did not appear on the face of the bill; but it became apparent as soon as the motion to dismiss was filed. Jurisdiction cannot be effectively acquired by concealing for a time the facts which conclusively establish that it does not exist. As the state court was without jurisdiction over either the subject-matter or the United States, the District Court could not acquire jurisdiction over them by the removal. The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction. *Courtney* v. *Pradt,* 196 U. S. 89, 92; *American Well Works Co.* v. *Layne & Bowler Co.,* 241 U. S. 257, 258.[1] To the situation here presented,

---

[1] See also *Fidelity Trust Co.* v. *Gill Car Co.,* 25 Fed. 737, 738–740; *Swift* v. *Philadelphia, &c. R. R. Co.,* 58 Fed. 858, 861; *Summers* v. *White,* 71 Fed. 106, 109; *Auracher* v. *Omaha & St. L. R. R. Co.,* 102 Fed. 1, 2; *Crowley* v. *Southern Ry. Co.,* 139 Fed. 851; *Zikos* v. *Oregon R. R. & Nav. Co.,* 179 Fed. 893, 899; *R. J. Darnell, Inc.* v. *Illinois Central R. R. Co.,* 190 Fed. 656, 658; *Philadelphia & Reading Ry. Co.* v. *Sherman,* 230 Fed. 814.

cases like *Healy* v. *Sea. Gull Specialty Co.,* 237 U. S. 479, relied upon by appellant, have no application. For, while it is true that a plaintiff by his first pleading determines what right he will sue on and that the defenses, set up either anticipatorily by him or in due course by the defendant, can not affect the jurisdiction when it depends on that right, yet the plaintiff may not, by alleging a frivolous claim or a fictitious situation, confer upon a court jurisdiction which, as determined by the plaintiff's real cause of action, it has not. *The Fair* v. *Kohler Die Co.,* 228 U. S. 22, 25. And the vital interest of the United States was one which the plaintiff could neither ignore nor prejudice by indirection. Compare *International Postal Supply Co.* v. *Bruce,* 194 U. S. 601; *Naganab* v. *Hitchcock,* 202 U. S. 473; *Goldberg* v. *Daniels,* 231 U. S. 218; *Louisiana* v. *McAdoo,* 234 U. S. 627. The District Court should therefore have dismissed the bill as soon as it became apparent that the suit was one to set aside an order of the Commission. *Robinson* v. *Anderson,* 121 U. S. 522; *Excelsior Wooden Pipe Co.* v. *Pacific Bridge Co.,* 185 U. S. 282, 287; *Devine* v. *Los Angeles,* 202 U. S. 313, 338. And the Circuit Court of Appeals in remanding the cause to the District Court should have directed a dismissal for want of jurisdiction and without prejudice.

*Decree modified and affirmed.*

MR. JUSTICE CLARKE took no part in the decision of this case.