LAS VEGAS LAND AND WATER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 54074. Filed July 30, 1956.

*Robert J. Casey, Esq.*, for the petitioner.
*Clarence P. Brazill, Jr., Esq.*, for the respondent.

#### OPINION.

RICE, *Judge:* This proceeding involves the following deficiencies in income tax:

| Year | Deficiency |
|------|-----------|
| 1946 | $31.54 |
| 1947 | 868.96 |
| 1948 | 157.87 |
| 1949 | 157.96 |

The only issue is the petitioner's basis for depreciation of certain properties acquired by it in 1944 and 1945.

All of the facts were stipulated, are so found, and are incorporated herein by this reference.

Petitioner is a Nevada public utility corporation operating under the jurisdiction of the Public Service Commission of that State. Petitioner, at all times here pertinent, kept its books and accounts on an accrual basis.

During the years in issue, petitioner supplied water to the residents of the city of Las Vegas, Nevada, and its immediate environs. In 1943, the Grandview Water Company (hereinafter referred to as Grandview), a Nevada public utility company subject to the jurisdiction of the Public Service Commission, maintained and operated water mains and accessories and supplied water to the residents of the Grandview Addition of the city of Las Vegas. In that year, the United States Government, by a condemnation proceeding, acquired title to a major portion of the Grandview Addition and to the major part of Grandview's water supply facilities. On May 1, 1944, in consideration of $1, Grandview conveyed to petitioner its remaining facilities which had an adjusted basis in Grandview's hands of $3,440.80. Petitioner entered such amount of $3,440.80 on its books as the value of the properties received from Grandview. Petitioner also assumed Grandview's obligations and rights under Grandview's certificate of public convenience and necessity granted by the Public Service Commission.

Prior to 1945, Boulder Dam Syndicate (hereinafter referred to as Boulder), another Nevada public utility company subject to the jurisdiction of the Public Service Commission, supplied water to the Boulder Addition of Las Vegas. During 1944, its supply facilities became inadequate and, on February 15, 1945, in consideration of $1, Boulder transferred its supply facilities to petitioner. Petitioner also assumed Boulder's obligations and rights under Boulder's certificate of convenience and necessity granted by the Public Service Commission. The adjusted basis of the properties received from Boulder was $17,350, and petitioner entered such amount on its books as the value thereof.

On its income tax returns for the years in issue, petitioner claimed a deduction for each year in the total amount of $415.82 for depreciation on the properties received from Grandview and Boulder. In determining the deficiencies herein, the respondent disallowed such depreciation deductions.

The petitioner's principal argument is that because the consideration which it paid for the facilities received from Grandview and Boulder was nominal in both instances, those two companies are to be deemed as having made contributions to its capital in the amount of the adjusted basis of the facilities which it received, and that it is entitled to claim an annual depreciation deduction on such facilities under the doctrine of *Brown Shoe Co.* v. *Commissioner*, 339 U. S. 583 (1950).

The respondent, on the other hand, relying on *Detroit Edison Co.* v. *Commissioner*, 319 U. S. 98 (1943), contends that Grandview and Boulder did not intend to and did not make any contribution to petitioner's capital and that the only depreciable basis which petitioner has in the properties received from those two companies is the sum of $2 which it paid for the properties.

In *Detroit Edison Co.* v. *Commissioner*, *supra*, a public utility required persons desiring electric power in outlying districts to pay for the installation of certain facilities which immediately became the utility company's property. In computing its annual deduction for depreciation, the company attempted to claim depreciation on the facilities paid for by subscribers in the outlying areas. We denied the deduction so claimed, 45 B. T. A. 358 (1941), and said at page 361:

> It is fundamental that the depreciation deduction is allowed upon a capital investment. Where a taxpayer has no capital investment in property it is not entitled to a depreciation allowance in respect of the capital asset. The essential requirements of a capital investment are the laying out of money or money's worth and the acquisition of something of permanent use or value in the business. *La Belle Iron Works* v. *United States*, 256 U. S. 377. The mere ownership of property which cost the owner nothing does not give rise to the right of a depreciation allowance.

Both the Court of Appeals, 131 F. 2d 619 (C. A. 6, 1942), and the Supreme Court affirmed our holding.

In *Brown Shoe Co.* v. *Commissioner*, *supra*, a corporation, over many years, had been given physical property or money with which it bought physical property, the donors being communities in which the company agreed to operate in consideration of the gifts. In computing its depreciation deductions, it claimed depreciation on the properties donated to it. The Supreme Court said that the contributions which the company received had been provided by the citizens of the respective communities, who neither sought nor could have anticipated any direct benefit; and that such contributions were clearly contributions to its capital and that the company, therefore, had a basis for depreciation under section 113 (a) (8) (B).[1]

We cannot agree with the petitioner's contention here, however, that the properties which it received from Grandview and Boulder were contributions to its capital by such companies. Nowhere in this record

---

[1] SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property; except that—

    \*       \*       \*       \*       \*       \*       \*

(8) PROPERTY ACQUIRED BY ISSUANCE OF STOCK OR AS PAID-IN SURPLUS.—If the property was acquired after December 31, 1920, by a corporation—

    \*       \*       \*       \*       \*       \*       \*

(B) as paid-in surplus or as a contribution to capital, then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made.

can we find any evidence of an intent to contribute to petitioner's capital. The respondent points out that in both instances the facilities were transferred to petitioner upon its agreement to assume both Grandview's and Boulder's rights and obligations under their certificates of convenience and necessity granted by the Public Service Commission. The respondent argues, and we think correctly so, that the obligations from which Boulder and Grandview were thus relieved were the real consideration for the transfer of the properties to petitioner. Since we find that the properties which petitioner received were not contributions to its capital, we do not think that the holding in *Brown Shoe Co.* v. *Commissioner, supra,* is controlling here. We think the rule of *Detroit Edison Co.* v. *Commissioner, supra*—that a corporation is not entitled to depreciate assets which cost it nothing, unless the assets were clearly a gift—is the more general one which must be applied in cases of this nature. See *Weiss* v. *Wiener,* 279 U. S. 333 (1929) ; *Reisinger* v. *Commissioner,* 144 F. 2d 475 (C. A. 2, 1944), affirming a Memorandum Opinion of this Court dated May 24, 1943.

The petitioner also argues that, because it will eventually have to replace the assets which it received from Grandview and Boulder, it should anticipate that expenditure by claiming deductions for depreciation during the years in issue. For this proposition, petitioner relies on statements found in *Brown Shoe Co.* v. *Commissioner, supra;* and *Commissioner* v. *McKay Products Corp.,* 178 F. 2d 639 (C. A. 3, 1949), reversing in part 9 T. C. 1082 (1947), certiorari denied 339 U. S. 961, a case factually similar to *Brown Shoe Co.* v. *Commissioner, supra.* Whatever was said by the courts in those two cases with reference to the nature or theory of the statutory deduction for depreciation was clearly dicta, and we do not regard it as authority for the proposition that a taxpayer is entitled to a replacement value depreciation deduction on assets which it has not yet purchased, but which it may some day acquire. As the Court of Appeals noted in *Reisinger* v. *Commissioner, supra,* p. 478:

Only a taxpayer who has a depreciable interest in property may take the deduction, and that interest must be in existence in the taxable period to enable him to show a then actual diminution in its value. It is not enough that the taxpayer may in the future have to make an investment which will then depreciate in value. * * *

The petitioner advanced an alternative argument to the effect that if we find, as we have found, that the properties received from Grandview and Boulder were not capital contributions, the burden which it assumed under those two companies' certificates of convenience and necessity gave it a cost basis for the properties equivalent to the adjusted basis of such properties in the hands of the transferor. The respondent notes, on brief, that he is not clear with reference to this

alternative argument of petitioner's, whether the burden referred to is the burden of replacing the equipment at the end of its useful life or the general burden of supplying water to the customers of Grandview and Boulder. We are likewise in doubt as to petitioner's argument.

If it is the burden of eventually replacing the equipment, we have already dealt with that argument above. If it is the general burden of supplying water to Grandview's and Boulder's customers, we can say only that this record is wholly inadequate to show the relationship between the cost of that burden and the adjusted basis of the properties received. For all that we know the "burden" of supplying water to Grandview's and Boulder's customers might result in a net profit rather than a net loss. If petitioner had shown the measure of the burden which it assumed in taking over the certificates of convenience and necessity in terms of a net cost to itself, it might then have been possible for it to show a depreciable basis other than the monetary consideration of $2. See Rev. Rul. 675, 1955—2 C. B. 567. But petitioner made no such showing, and we conclude that the respondent correctly disallowed the depreciation deductions claimed during the years in issue on the properties which it acquired from Grandview and Boulder.

*Decision will be entered for the respondent.*