Albert BRADLEY, Plaintiff,

v.

FORD MOTOR COMPANY and the United Auto Workers of America, Local 551, Defendants.

No. 75C1316.

United States District Court, N. D. Illinois, E. D.

Dec. 31, 1975.

Larry Karchmar, Sudak, Grubman, Rosenthal & Feldman, Chicago, Ill., for plaintiff.

William W. McKittrick, Roy S. Kullby and Lawrence L. Summers, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for defendant Ford Motor Co.

Irving M. Friedman, Harold A. Katz and Michael B. Erp, Katz & Friedman, Chicago, Ill., for defendant UAW Local 551.

## DECISION ON MOTIONS TO DISMISS

McMILLEN, District Judge.

This case was transferred here from the Circuit Court of Cook County, Illinois on April 24, 1975 pursuant to 28 U.S.C. § 1441. The complaint had been filed by an employee against his employer and his union. Hence this court had original jurisdiction under 29 U.S.C. § 185(a). However, prior to the transfer, the Circuit Court of Cook County dismissed the union as a party defendant on the ground that it was not a suable entity under Illinois law. As a result, it was not a party to the case when it was removed from the State court.

### [The Union's Motion to Dismiss]

Plaintiff thereafter filed a motion in this court to add the union as a party defendant, and it was joined by leave of court obtained without notice to the union. The union, therefore, has filed a motion to dismiss on the ground that this court lacks personal jurisdiction over it under F.R.C.P. 12(b)(2).

The law in this circuit seems to be that if a party or the subject matter of an action was not within the jurisdiction of the State court, this cannot be remedied by removal of the case to the Federal court. *Federal Savings & Loan Ins. Corp. v. Quinn*, 419 F.2d 1014 (7th Cir. 1969); see also *Lambert Run Coal Co. v. Baltimore & Ohio R. Co.*, 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922). Nevertheless, the union can properly be made a defendant under F.R.C.P. 21, and this in substance is what occurred here.

If the union were not a party, the employer raises the question of whether this

case can proceed without a necessary party under F.R.C.P. 19(a). The plaintiff seeks reinstatement to his employment and seniority rights, and this remedy would affect the status of other members of the union who are employees of the defendant company. Therefore it seems to us that this case could not proceed without the presence of the union, because the requirements of F.R.C.P. 19(b) would not have been satisfied. The absence of the union might be prejudicial to it, yet the plaintiff may not have an adequate remedy if the action is dismissed for nonjoinder.

■ Another persuasive reason for not proceeding in the absence of the union is that the plaintiff alleges that the union is jointly responsible for the breach of contract which is the gravamen of the complaint. The employer contends that the plaintiff has not exhausted his contractual remedies, and this argument in turn depends partly on whether or not the union has violated its duty of fair representation under *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Since any breach of contract might at least allegedly be charged against the union as well as against the employer, the union is a necessary party in this case. We will deny its motion to dismiss for lack of jurisdiction over the person.

Even if the union were not a necessary party or could not be joined properly under Rule 19, we find and conclude that the plaintiff has not stated a justiceable cause of action against the employer and that this defendant's motion to dismiss pursuant to F.R.C.P. 12(b)(6) should be granted as a motion for summary judgment.

[The Employer's Motion for Summary Judgment]

The employer's affidavit filed in support of its motion shows that the plaintiff was granted a sick leave from June 7 to June 21, 1973 pursuant to Article VIII, § 30 of the collective bargaining contract. This section provides:

ARTICLE VII SENIORITY AND RELATED MATTERS

\* \* \* \* \* \*

Section 30. Medical Leaves of Absence

An employee who is unable to work because of injury or illness, and who furnishes satisfactory evidence thereof, shall be granted an automatic sick leave of absence covering the period of such disability, subject to the provisions of Section 5 of this Article.

The plaintiff alleges that he telephoned the company on June 18, 1973 and informed the telephone operator that, based on his doctor's advice, he would not be able to return to work when his sick leave expired. The operator allegedly said "everything would be taken care of" (Complaint, par. 11). This telephone notification did not have the effect of extending plaintiff's sick leave, however. Consequently, when the plaintiff failed to obtain an extension of his sick leave and did not report to work on June 22, the employer on June 27, 1973 mailed him the five day notice required by § 5(4) of Article VIII, which provides that seniority is lost

(4) If the employee does not, within five (5) calendar days after notice to report has been sent to him, either report for work or give a satisfactory reason for his absence, unless it is not possible for him to comply with either of these requirements; and provided at least ten (10) calendar days have elapsed since his last day worked.

Such notice shall be sent by registered mail to the employee's last known address according to the Company's records.

. . .

Although the notice was sent by certified rather than registered mail, this is of no consequence, particularly since plaintiff was advised by his post office on June 28, 1973 that the letter was waiting to be picked up (Complaint, par. 12). He did not pick it up until July 3, 1973, and on that day he returned to the employer to discuss the matter. However, the contractual five days had expired, and plaintiff had already been automatically terminated. Plaintiff's attor-

ney states in his brief that his client attempted to telephone the company on Saturday, June 30, 1973 and Sunday, July 1 but that no one answered the telephone. We can give this assertion no weight, since it is not in the form of an affidavit and would not satisfy the requirements of the contract in any event.

The plaintiff also alleges that the union did not file a grievance on his behalf, whereas the company's affidavit states that the grievance was filed and taken up to the final step short of arbitration and then dropped by the union. The union has filed a copy of the grievance signed by the plaintiff as Ex. 2 to its memorandum of August 4, 1975. The plaintiff's complaint is not consistent on this point, since par. 16 alleges that the union president in fact failed to file a grievance, whereas par. 18 alleges that the "plaintiff is under the impression that no grievance was ever filed on his behalf". The copy of his complaint filed herein is not signed and the affidavit is not executed, nor has the plaintiff filed any affidavit.

■ We find, therefore, that the company's affidavit overcomes the inconsistent allegations of the complaint, particularly since he has not denied the authenticity of the grievance which is appended to the union's memorandum. In any event, the union's alleged failure to file a grievance does not constitute a cause of action against the employer. It has followed the contract and the plaintiff has not.

[The Union's Motion for Summary Judgment]

■ The defendant union contends that, even if it did not file or process a grievance on behalf of this member, it was his responsibility to appeal this failure first to the membership of the union, then to the International Executive Board of the union and finally to the Public Review Board, none of which steps are alleged. The plaintiff, as a member of the union, is charged with knowledge of the provisions of its constitution, and his failure to take the necessary steps following the alleged failure of the union to file a grievance or take it to arbitration is his responsibility. *Newgent v. Modine Mfg. Co.*, 495 F.2d 919 (7th Cir. 1974). The union's affidavits attached as Exhibits 5, 6 and 7 to its memorandum attest to the plaintiff's failure to pursue his remedy within the union.

■ Inasmuch as we find no affidavit supporting Ex. 2 (grievance dated October 18, 1973) and Ex. 3 (collective bargaining agreement dated December 7, 1960) attached to the union's memorandum, we cannot give these documents sufficient weight to find that the union has completely discharged its obligation to fairly represent the plaintiff, even though this defendant is apparently entitled to judgment ultimately under *Newgent*, supra. The plaintiff's failure to exhaust his intra-union remedy is an adequate defense for the defendant employer, however.

In short, we believe both defendants are entitled to judgment under F.R.C.P. 12(b)(6) on their motions supported by affidavits. Since the union has not perfected its motion by affidavits supporting its exhibits 2 and 3, however, we will retain jurisdiction over the complaint against it until the record is complete.