**In re BURSTEIN–APPLEBEE COMPANY, Debtor.**

**C. Michael FRANKE, Trustee, Plaintiff,**

v.

**Allen E. FISHMAN, et al., Defendants.**

Bankruptcy No. 80–00968–3.
Civ. No. 81–0407–CV–W–3–6.

United States District Court,
W. D. Missouri, W. D.

Feb. 5, 1982.

Paul E. Berman, Kansas City, for plaintiff.

Michael R. Roser, Berman, DeLeve, Kuchan & Chapman, Kansas City, Mo., for Burstein-Applebee and plaintiff.

G. Spencer Miller, Morris & Foust, Kansas City, Mo., for Fishman, Sander & Eagle Transfer.

Leland Shurin, Horowitz & Shurin, Kansas City, Mo., for Kopitsky & B–A Systems.

Loren G. Rea, Rea, Chamberlin & Russell, Kansas City, Mo., for Kash.

C. Brooks Wood, Jackson, Dillard, Brouillette & Farchmin, Kansas City, Mo., for McCoy.

Daniel J. Flanigan, Linde, Thomson, Fairchild, Langworthy & Kohn, Kansas City, Mo., for Gravois Merchandise, Inc.

Daniel M. Dibble, Kathryn H. Vratil, Lathrop, Koontz, Righter, Clagett & Norquist, Kansas City, Mo., for ITT Diversified Credit Corp.

## MEMORANDUM AND ORDER OF REMAND

SACHS, District Judge.

By order of May 19, 1981, the bankruptcy court determined to abstain from proceeding in this matter, pursuant to 28 U.S.C. § 1471(d). As grounds for abstaining, the bankruptcy court noted the current uncertainty regarding the extent to which the exercise of the bankruptcy court's jurisdiction is constitutional, *see Marathon Pipeline Co. v. Northern Pipeline Const. Co.*, 12 B.R. 946 (D.Minn.1981), probable jurisdiction noted, —— U.S. ——, 102 S.Ct. 564, 70 L.Ed.2d 472 (1981) and determined that detriment to the creditors of the debtor's estate and to the parties could result from either proceeding with the action or determining that the exercise of jurisdiction was unconstitutional, thereby necessitating appeal on that issue. The decision to abstain is not reviewable, by appeal or otherwise. 28 U.S.C. § 1471(d); *Matter of Covey*, 650 F.2d 877, 879–80 (7th Cir. 1981).

By the same May 19, 1981 order, the bankruptcy court transferred the case to the civil docket of this Court, pursuant to Rule 915(b) of the Rules of Bankruptcy Procedure. Pending are the defendants' motions to dismiss. Defendants contend that the Rule 915(b) transfer was improper on the alternative grounds that (1) the bankruptcy court could not constitutionally exercise subject matter jurisdiction in this case and that, lacking such jurisdiction, it also lacked the authority to transfer the case to this Court, *Cf. Lambert Run Coal Co. v. Baltimore and Ohio R. Co.*, 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922) (federal court lacks jurisdiction over a case removed from a state court lacking subject matter jurisdiction, notwithstanding the fact that case could have been brought in federal court originally). (2) the District Court must have, and lacks in this case, an independent ground for the exercise of jurisdiction and (3) the bankruptcy court may not simultaneously choose to abstain and transfer the case to the District Court. We do not reach these contentions. Instead, we hold that the case must be remanded because the transfer was not made pursuant to a determination of lack of jurisdiction.

> Rule 915(b) provides, in pertinent part: If an objection to the jurisdiction of an adversary proceeding, a contested matter, or a severable part of either, *is sustained*, the bankruptcy judge shall dismiss such proceeding, matter, or part thereof, or transfer it to the civil docket of the district court, as may be appropriate.

(emphasis added). The mere filing of an objection is not sufficient to require dismissal or transfer. 13 *Collier on Bankruptcy* ¶ 915.03. The bankruptcy court must first determine that the objection to jurisdiction is meritorious. No such determination was made in this case. Accordingly, the case does not properly lie in this Court, and must be remanded.*

SO ORDERED.

---

\* The Court expresses no view as to the appropriateness of (1) staying proceedings pending the Supreme Court's decision in *Northern Pipeline* (scheduled for argument during the spring term of Court), (2) exercising jurisdiction temporarily on a presumption of constitutionality, or (3) ruling on the issue of constitutionality.