## William GRIFFITH, Plaintiff,

### v.

## ITT WORLD COMMUNICATIONS, INC., Defendant.

### No. 84–2588–Civ–Spellman.

United States District Court,
S.D. Florida,
Miami Division.

June 28, 1985.

Harry K. Bender, Miami, Fla., for plaintiff.

John Edward Alley, Tampa, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS AND ORDER OF DISMISSAL

SPELLMAN, District Judge.

This matter is before the Court upon the Defendant's Motion to Dismiss. The Defendant argues, among other things, that this action must be dismissed for want of subject matter jurisdiction. For the following reasons, this Court agrees.

This matter was originally filed in the Eleventh Judicial Circuit Court of the State of Florida and was removed to this Court pursuant to 28 U.S.C. § 1441. As such, the jurisdiction of this Court is derivative; "[i]f the state court lack[s] jurisdiction ... the federal court acquires none ..." *Lambert Run Coal Co. v. Baltimore and Ohio R. Co.*, 258 U.S. 377, 382, 42

S.Ct. 349, 351, 66 L.Ed. 671 (1922). And, if it is determined that the state court did not have jurisdiction, then this Court must dismiss the action. *See, e.g., General Inv. Co. v. Lake Shore & M.S. Ry. Co.*, 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244 (1922). Indeed, dismissal is required even if this Court would have had jurisdiction had the matter been brought here originally. *Id.*

The plaintiff in this matter seeks, under the Florida Arbitration Code, Chapter 682, Fla.Stats., to modify an arbitration award made pursuant to a collective bargaining agreement between ITT World Communications, Inc. and the Communication Workers of America, AFL–CIO. The complaint does not allege that the collective bargaining agreement was made in Florida or that it was otherwise subject to the laws of Florida.[1] The agreement itself only states that any arbitration would be submitted to the American Arbitration Association. The arbitration proceedings at issue actually took place in New York.

Florida courts have limited jurisdiction to modify arbitration awards. Section 682.18, Fla.Stats. provides:

> 682.18 Court; definitions; jurisdiction
>
> (1) The term "court" means any court of competent jurisdiction of this state. The making of an agreement or provision for arbitration *subject to this law and providing for arbitration in this state* shall, whether made within or outside this state, confer jurisdiction on the court to ... vacate, modify or correct an award rendered thereunder ... (Emphasis added).

█ Thus, by statute, the Florida courts have jurisdiction over arbitration awards only when those awards are made pursuant to an agreement for arbitration that is both subject to the Florida Arbitration Code and provides for arbitration in Florida. When the parties agree to arbitration in another state, the Florida courts have no jurisdiction over the matter. *See Knight v. H.S. Equities, Inc.*, 280 So.2d 456 (Fla. 4th DCA 1973) (court had no authority to enforce an agreement to arbitrate where the agreement provided that arbitration proceedings would be held in New York). The only exception is when the court otherwise has jurisdiction over the parties and the matter in question. *See, e.g., Frank J. Rooney, Inc. v. Charles W. Ackerman of Florida*, 219 So.2d 110, 112 (Fla. 3d DCA 1969) (where party invokes court's equity powers in order to seek a declaration of rights under contract, court is fully empowered to retain jurisdiction for all purposes including a determination of the validity of arbitration award).

█ In the present case, neither the complaint, the collective bargaining agreement, nor the opinion of the arbitration panel indicates in any way that the Florida Arbitration Code would be applicable to the arbitration award. Moreover, although the collective bargaining agreement did not specify where the arbitration would take place, the parties agreed to arbitration in New York.

Since the Florida courts do not have jurisdiction over awards that were not issued in Florida and are not subject to the Florida Arbitration Code, and the plaintiff has not cited any other means by which the Florida courts would have authority, the Florida court in which this matter was originally filed lacked jurisdiction. Because this Court's jurisdiction is "derivative," this Court too lacks jurisdiction and this matter must be and hereby is DISMISSED.[2]

---

1. The Defendant, in its Motion to Dismiss, has stated that the agreement was entered into in New York. The Plaintiff has not denied this.

2. Defendant's request for attorneys' fees is DENIED.