**DEPARTMENT OF REVENUE OF the STATE OF IOWA, Appellant,**

v.

**INVESTMENT FINANCE MANAGEMENT CO., INC. and The Winnebago Tribe of Nebraska, a federally recognized Indian Tribe, Appellees.**

No. 86–2383.

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1987.

Decided Oct. 22, 1987.

Rehearing Denied Dec. 3, 1987.

---

Thomas M. Donahue, Asst. Atty. Gen., Des Moines, Iowa, for appellant.

F. Browning Pipestem, Norman, Okl., for appellee Winnebago Tribe of Nebraska.

Stanley E. Munger, Sioux City, Iowa, for appellee Investment Finance Management Co., Inc.

Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

WOLLMAN, Circuit Judge.

The Iowa Department of Revenue (Department) appeals from the judgment of the district court[1] dismissing the action for lack of proper subject matter jurisdiction.

We reverse and remand with instructions to remand to state court.

The Winnebago Tribe of Nebraska (Tribe) is a federally recognized Indian tribe that exists on reservation lands primarily in Nebraska but also including a small area of land in Iowa near Sloan, Iowa. Since October, 1984, the Tribe has operated "Winn-A-Bingo," a high stakes bingo enterprise on the portion of the reservation lying within the state of Iowa. Winn-A-Bingo is operated by Investment Finance Management Co., Inc. (IFM) under a contract with the Tribe.

The Department sent IFM a tax-due notice in late 1985 in the amount of approximately $240,000, followed in early 1986 by a garnishment of IFM's account in the Sloan State Bank, valued at approximately $53,800. IFM's answer to the garnishment notice in state court alleged that it was not the owner of the garnished funds. The Tribe petitioned to intervene, alleging that it owned the garnished funds, and petitioned to remove the action to the United States District Court for the Northern District of Iowa. The Department asserted no objection to either of these petitions, and the action was removed.

On June 27, 1986, in response to the Tribe's motion, the district court ordered the case dismissed for lack of jurisdiction on the ground that the Iowa state court lacked subject matter jurisdiction. On October 6, 1986, the district court entered an order granting both IFM's motion to amend the judgment, releasing the garnishment, and the Department's motion to stay execution of the judgment pending an appeal.

■ Prior to June 19, 1986, removal of an action from state court to federal court was conditioned upon the existence of subject matter jurisdiction in the state court. 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3721, at 195 (2d ed. 1985) (*Federal Practice and Procedure*) (citing *Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.*, 258 U.S.

---

1. The Honorable Donald E. O'Brien, Chief Judge, United States District Court for the Northern District of Iowa.

377, 382, 42 S.Ct. 349, 352, 66 L.Ed. 671 (1922) (Brandeis, J.) ("[i]f the state court lacks jurisdiction * * * the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction")). Although this rule was frequently criticized, *see* 14A *Federal Practice and Procedure* § 3721, at 199, and § 3722, at 284, it was expressly endorsed by the Supreme Court as recently as 1983. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 24 n. 27, 103 S.Ct. 2841, 2854 n. 27, 77 L.Ed.2d 420 (1983) (if a state court lacked jurisdiction, "the proper course for a federal district court to take after removal would be to dismiss the case altogether * * *"). The June 19, 1986, amendment to the federal removal statute, 28 U.S.C. § 1441,[2] is inapplicable because this action was commenced in state court prior to its enactment. *Broadway v. San Antonio Shoe, Inc.*, 643 F.Supp. 584, 585 n. 2 (S.D.Tex. 1986); 14A *Federal Practice and Procedure* § 3721, at 9 (Supp. 1987).

Under the old rule, a case falling within the exclusive jurisdiction of the federal courts cannot be removed to the federal courts. 14A *Federal Practice and Procedure* § 3721, at 199. The United States Constitution grants the federal government "exclusive authority over relations with Indian tribes." *Montana v. Blackfeet Tribe of Indians*, 471 U.S. 759, 764, 105 S.Ct. 2399, 2402, 85 L.Ed.2d 753 (1985) (citing U.S. Const. art. I, § 8, cl. 3); *Williams v. Lee*, 358 U.S. 217, 220, 79 S.Ct. 269, 271, 3 L.Ed.2d 251 (1959); *see also* 28 U.S.C. § 1362 (1976). Although there are certain statutory exceptions to this rule, *see* 28 U.S.C. § 1360 (1987); 25 U.S.C. §§ 1321, 1322 (1983), none is applicable here.

Accordingly, because the only basis claimed for removal is a federal question, and because the only federal question that may be involved is an exclusive federal question, there is no basis for removal. However, only if the state court determines that the Tribe owns the account or that this action is in essence an attempt by the State of Iowa to tax a federally recognized Indian tribe must it dismiss. *See Weeks Constr., Inc. v. Oglala Sioux Housing Auth.*, 797 F.2d 668, 672 (8th Cir.1986) (federal question jurisdiction does not exist merely because an Indian tribe is a party or because the action involves Indian property or contracts).

The judgment is reversed, and the case is remanded to the district court with instructions to remand the action to state court.

2. Congress amended the federal removal statute, 28 U.S.C. § 1441, as follows: "The court to which such civil action is removed is *not* precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." 28 U.S.C. § 1441(e) (1986) (emphasis added).