845 F.2d 1
 URBANIZADORA VILLALBA, INC., et al., Plaintiffs, Appellees,
v.
BANCO Y AGENCIA DE FINANCIAMIENTO DE LA VIVIENDA DE PUERTO
RICO, Defendant, Third-Party Plaintiff, Appellant.
Federal Deposit Insurance Corporation, Third-Party
Defendant, Appellee.
 No. 87-1437.
 United States Court of Appeals,
First Circuit.
 Heard Dec. 9, 1987.
Decided April 21, 1988.
 
 Marta Quinones Zambrana with whom Roberto O. Maldonado Nieves and Cancio, Nadal & Rivera, Hato Rey, P.R., were on brief for defendant, third-party plaintiff, appellant.
 Gabriel Hernandez Rivera with whom Feldstein, Gelpi, Hernandez & Gotay, Old San Juan, P.R., Thomas A. Rose, Deputy Gen. Counsel, Washington, D.C., Rae Schupack, Regional Counsel, New York City, and John David Ferrer, Counsel, Santurce, P.R., were on brief for third-party defendant, appellee.
 Before COFFIN, BOWNES and TORRUELLA, Circuit Judges.
 TORRUELLA, Circuit Judge.
 
 
 1
 The Banco y Agencia de Financiamiento de la Vivienda de Puerto Rico ("Housing Bank" or "Bank") appeals from the district court's dismissal of its third party complaint against the Federal Deposit Insurance Corporation (FDIC). We affirm the district court's judgment of dismissal.
 
 
 2
 The Housing Bank was originally sued by the Urbanizadora Villalba in the courts of Puerto Rico. The complaint alleged breach of contract and negligence in processing certain loan advance requests made by Villalba during a construction project. The Bank in turn filed a third party complaint against the FDIC. It alleged that FDIC was responsible for the shortcomings of Girod Trust Co., whom the Bank claimed was the real source of the damages to Villalba. Girod had been the mortgage creditor providing financing for Villalba's Project, and the Housing Bank in turn insured the $8 million loan granted by Girod. FDIC is presently acting as receiver for Girod Trust Company, and has also purchased, in its corporate capacity, certain assets from Girod (among them the certificate of insurance from the Bank for the loan).
 
 
 3
 These are only general background facts, however, since the issues we decide today involve only a cursory reading of the complaint and relatively simple rules of law. Today we decide only that the district court correctly concluded that the complaint did not properly name FDIC as receiver, and that it should therefore dismiss the third party complaint and remand the rest of the claims to state court.
 
 
 4
 The district court determined that the third party complaint was against FDIC in its corporate capacity. The reason for this was that nowhere in that complaint did the Housing Bank clearly state that it was suing FDIC in its capacity as receiver. Generally speaking, "a party appears in his individual capacity unless, in his designation as a party or by other manifestation, it is made evident that he appears in some other capacity." 1 Restatement (Second) of Judgments Sec. 36(1) (1982). The court concluded that nothing in the complaint made evident that FDIC was being sued as Girod's receiver.
 
 
 5
 In practical terms, the difference between suing FDIC in its corporate capacity and FDIC as receiver for Girod is substantial. In the first place, should the Housing Bank prevail against FDIC in its corporate capacity, it could reach federal funds to satisfy the judgment. A judgment against FDIC as receiver on the other hand would put the Bank in the position of a creditor of Girod. The Bank would then be paid, pro-rata with the other creditors, out of any surplus which may exist from the sale of the "bad" assets assumed by FDIC in its corporate capacity, over the price it (FDIC-corporate) paid to FDIC as receiver for the same assets. See FDIC v. La Rambla Shopping Center, 791 F.2d 215, 218 (1st Cir.1986) (explaining the "Purchase and Assumption" procedure authorized by 12 U.S.C. Sec. 1823(c)(2)). A judgment against FDIC in its corporate capacity, therefore, would place the Housing Bank in a much better position than a judgment against FDIC as receiver.
 
 
 6
 In the second place, counsel for FDIC was concerned, at oral argument, because the complaint seeks to annul the Bank's responsibility under a certificate of insurance for Girod's eight million dollar loan to Villalba. FDIC in its corporate capacity appears to be the holder of that certificate of insurance. If that should prove to be the case, of course, an action in state court against FDIC as receiver would have no effect on FDIC-corporate's rights under the certificate. We agree with the district court, therefore, that in order to avoid any confusion the Housing Bank should have specifically stated that it was suing the FDIC in its capacity as receiver. We note in addition that the Bank could have avoided the dismissal of its complaint by simply amending it, and that it did not even attempt to do so in the district court.
 
 
 7
 For two reasons we conclude that this appeal was a less than efficient use of the parties' and this court's resources. First, counsel for the Bank indicated at oral argument that nothing precludes the Bank from refiling its complaint in the courts of Puerto Rico. The simple addition of the words "as receiver" would suffice to give the state courts exclusive jurisdiction over this action (barring, of course, diversity jurisdiction, which does not appear to exist). See 12 U.S.C. Sec. 1819 (fourth) ("any ... suit to which the [FDIC] is a party in its capacity as receiver of a State bank and which involves only the rights or obligations of depositors, creditors, stockholders, and such State Bank under State Law shall not be deemed to arise under the laws of the United States.") (emphasis ours). Since this is essentially what the Bank seeks to accomplish by this appeal, we fail to see the rationale for its choice of procedure. In other words, rather than file an appeal, the Bank could have refiled a minimally amended complaint in state court.
 
 
 8
 The absurdity of this appeal is compounded by Bank counsel's admission, at oral argument, that rather than filing extensive briefs on motions and on appeal challenging the district court's reading of the complaint, the Bank could have simply and inexpensively amended the complaint in the district court to name FDIC-receiver explicitly. Counsel could not explain why it chose to file hundreds of pages of briefs rather than add two words, in strategic places, to its complaint.
 
 
 9
 At any rate, both parties at oral argument agreed that this suit should proceed only against FDIC as receiver. Counsel for the Bank even agreed that any recovery should be limited to whatever may be salvaged by FDIC as receiver from Girod's remaining assets. In fact, the Bank's appeal is intended to challenge only the district court's determination that this was a suit against FDIC in its corporate capacity. Appellant would have us do nothing more than decide this is a suit against FDIC as receiver and remand the entire cause to the courts of Puerto Rico. We cannot agree, however, that the complaint properly names FDIC as receiver.
 
 
 10
 We now set out, briefly, the legal basis for the dismissal of this action from the district court. This case was removed to federal court from the courts of Puerto Rico. Under 12 U.S.C. Sec. 1819 (fourth) federal courts have exclusive jurisdiction over suits against FDIC in its corporate capacity, and state courts have exclusive jurisdiction over suits based on state laws against FDIC as receiver. The district court concluded, as had been the rule, that a federal court's jurisdiction over a removed case is derivative of the jurisdiction of the original court, see Lambert Run Coal Co. v. Baltimore & O.R.R., 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922), and that since the state court had had no jurisdiction over this suit, that therefore the district court had none either.
 
 
 11
 Neither of the parties has contested this statement of the law by the district court. We understand, therefore, that they have conceded that if the complaint only states an action against FDIC in its corporate capacity the action was properly dismissed, and we base our affirmance on that concession. We note, however, that the peculiar chronology of this case would have provided the basis for a challenge to the district court's ruling. The present rule is that: "The court to which [a] civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." 28 U.S.C. Sec. 1441 (effective June 19, 1986). The original complaint was filed in the Puerto Rico courts before June of 1986. It was also removed to federal court before that date, so that at that time it could have been dismissed. The dismissal, however, came after the effective date of Sec. 1441(e). In view of the parties' concession, however, we need not determine the effect of that subsection at such a late stage in the proceedings.[1] We therefore affirm the district court's dismissal of the third party complaint against FDIC in its corporate capacity. Nothing precludes the Bank from refiling a complaint in state courts explicitly naming FDIC-receiver.
 
 
 12
 The judgment of the district court is therefore affirmed. Double costs are assessed against appellant.
 
 
 
 [1]
 There is also no need to address appellant's argument that the Eleventh Amendment somehow precludes the district court from deciding that it had no jurisdiction over the defendant in an action brought by a Puerto Rico agency, since it is patently without merit