**Kathy S. MORFORD, Plaintiff,**

v.

**RESERVE LIFE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 3:88–0612.**

United States District Court,
S.D. West Virginia,
Huntington Division.

Jan. 9, 1989.

Warren N. Morford, Jr., Chesapeake, Ohio, for plaintiff.

R. Kemp Morton, Huddleston, Bolen, Beatty, Porter & Copen, Huntington, W.Va., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending before the Court is the Defendant's motion to dismiss or, in the alternative, for summary judgment. The time for responding having passed, the Court deems the motion mature for consideration.

As a basis for the motion, the Defendant has asserted that the Plaintiff's state law claims relate to an employee benefit plan and, as such, are pre-empted by the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. §§ 1001 et seq. The Defendant has further contended that the Plaintiff failed to bring an action pursuant to ERISA and, therefore, that this action should be dismissed.

From the complaint[1] it appears that the Plaintiff seeks recovery of maternity benefits through the group health insurance policy provided by her employer, as well as

---

1. The complaint was originally filed in the Circuit Court of Cabell County, WV, and was subsequently removed by the Defendant to this Court on the bases of diversity and federal question jurisdiction.

damages flowing from the Defendant's failure to pay such benefits. Specifically, the complaint states that this action is brought "pursuant to 29 U.S.C. Section 1132(e)(e) [sic] to recover certain benefits under an employee welfare benefit plan". This allegation has been expressly denied by the Defendant in its answer.

■ In spite of the Defendant's position, the Plaintiff clearly has stated a cause of action to recover benefits under ERISA.[2] It is equally clear, however, that the Plaintiff is attempting to recover damages in addition to unpaid benefits and that this claim relates to an employee benefit plan. It appears to the Court that the Plaintiff is seeking such recovery as part of her ERISA cause of action. If, however, the Plaintiff intends to proceed on state law theories, such claims would indeed be pre-empted by ERISA. *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). Whether the Plaintiff is attempting to recover such damages pursuant to ERISA or state law, inasmuch as the Plaintiff has stated a cause of action under ERISA, the question then is whether such damages are recoverable pursuant to Section 502(a)(1)(B) of ERISA 29 U.S.C. § 1132(a)(1)(B).

Relief available under ERISA has been limited to that expressly provided for by statute. *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) (punitive damges for improper processing of claims not recoverable under Section 409(a)); *Bone v. Association Management Services, Inc.*, 632 F.Supp. 493 (S.D.Miss.1986) (extra-contractual damages not recoverable under Section 502(a)(3)). *Cf., Pilot Life, supra*, 481 U.S. 41, 107 S.Ct. 1549 (remedies set forth in civil enforcement provi-

sions of Section 502(a) are exclusive). Because ERISA comprehensively provides civil remedies for claims relating to an employee benefit plan and does not expressly provide for the recovery of damges flowing from a failure to pay benefits, the Court concludes that the Plaintiff's recovery, pursuant to Section 502(a)(1)(B), must be limited to those benefits, if any, to which she was entitled.[3]

Accordingly, the Defendant's motion to dismiss, or for summary judgment, is granted as to any recovery sought beyond the amount of benefits to which the Plaintiff may be entitled under the employee benefit plan.

■ The Defendant has moved for summary judgement for the additional reason that no genuine issues of material fact are presented and that, as a matter of law, the Plaintiff is not entitled to the relief requested. It appears that the Defendant's contention is based upon its position that the Plaintiff's pregnancy, for which she is seeking recovery of benefits, began prior to the effective date of the maternity benefits provision of the employee benefit plan. In support of this position, the Defendant has submitted to the Court documentation indicating that maternity benefits were added to the plan, effective February 1, 1985.

Although the Plaintiff has not responded in any way to the instant motion, it appears from the exhibits attached to the complaint that the Plaintiff applied for maternity coverage through the Defendant and requested an effective date of January 1, 1985. Her application was held pending application for maternity coverage by her employer and approval thereof. The Plaintiff's documentation also establishes that maternity benefits were added to the plan effective February 1, 1985 and did not apply to

---

**2.** Because this action was removed from the state court, this Court has jurisdiction to consider only claims for benefits due, to enforce rights under the employee benefit plan, and to clarify rights to future benefits. 29 U.S.C. §§ 1132(a)(1)(B) and (e). Although this Court has original jurisdiction over claims for other relief provided for by ERISA, the state court had jurisdiction over only those claims specifically above. *Lambert Run Coal Co. v. Baltimore*

*& Ohio Railroad Co.*, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922).

**3.** The Court may also enforce the Plaintiff's rights under the employee benefit plan or clarify her rights to future benefits, if such relief is appropriate. 29 U.S.C. § 1132(a)(1)(B). The Court also recognizes that, in appropriate cases, attorney's fees may also be recovered. 29 U.S.C. § 1132(g).

pregnancies which began prior to that date. The Plaintiff gave birth to a daughter on October 2, 1985.

It appears to the Court that the Plaintiff might argue that she was entitled to maternity benefits under the plan as a result of the steps which she took to obtain such coverage as of January 1, 1985. The Plaintiff, however, has put forth no such argument. In order to overcome a motion for summary judgment, the opposing party has the burden of establishing that there are issues of fact necessitating trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The Court, therefore, must consider whether summary judgment is appropriate, pursuant to *Rule* 56, Federal Rules of Civil Procedure, given the undisputed facts that maternity coverage was not effective until February 1, 1985; such coverage did not apply to pregnancies which began prior to that date; and the Plaintiff gave birth eight months and one day after the effective date of the coverage. The Court is of the opinion that the Defendant's presentation of these facts is sufficient to trigger the Plaintiff's burden under *Catrett*. The Plaintiff having failed to carry this burden, the Court finds it appropriate to and does hereby grant the Defendant's motion for summary judgment as to the Plaintiff's claim for benefits.