FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 9, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

RALAND J. BRUNSON,

     Plaintiff - Appellant,

v.

SONIA SOTOMAYOR, in her official capacity as Justice of the Supreme Court of the United States; ELENA KAGAN, in her official capacity as Justice of the Supreme Court of the United States; KETANJI BROWN JACKSON, in her official capacity as Justice of the Supreme Court of the United States; JANE DOES 1-100,

    Defendants - Appellees.

No. 23-4108
(D.C. No. 1:23-CV-00042-HCN)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BACHARACH**, **KELLY**, and **MORITZ**, Circuit Judges.

_____

---

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. _See_ Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

This appeal grew out of a disagreement over the outcome in a prior suit. In that suit, Mr. Raland Brunson challenged the outcome of the 2020 presidential election. The district court dismissed the suit, we affirmed, and the Supreme Court denied certiorari. Mr. Brunson brought a second suit, which we now address. In the second suit, Mr. Brunson sued three Associate Justices of the Supreme Court (Sonia Sotomayor, Elena Kagan, and Ketanji Brown Jackson)[1] in their official capacities for denying certiorari in the prior case.[2]

The second suit began in state court, and the three Justices removed the action to federal district court. The district court ordered dismissal, concluding that the Justices enjoyed sovereign immunity. We affirm.

When an action is removed from state court, the federal court considers whether the state court had jurisdiction. If jurisdiction existed in state court, the federal court generally acquires jurisdiction if removal is otherwise appropriate. *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922). We call this jurisdiction "derivative" because the federal court's jurisdiction derives from the state court's. *See High*

---

[1]    Mr. Brunson also sued 100 *Jane Doe* defendants, but they are not involved in this appeal.

[2]    Mr. Brunson claimed breach of contract, fraud, civil conspiracy, and intentional infliction of emotional distress.

*Lonesome Ranch, LLC v. Bd. of Cnty. Comm'rs for Cnty. of Garfield*, 61 F.4th 1225, 1239 (10th Cir. 2023).

The district court concluded that the state court had lacked jurisdiction over Mr. Brunson's second suit, reasoning that

- the official-capacity claims against the Justices were the equivalent of claims against the United States and

- the United States enjoys sovereign immunity.

*See Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 783 (10th Cir. 1993) (stating that an official capacity suit is a way of asserting a claim against the entity itself); *Loeffler v. Frank*, 486 U.S. 549, 554 (1988) (stating that the federal government enjoys immunity from suit absent a waiver). Because the official-capacity claims triggered the Justices' sovereign immunity, the district court concluded that

- the state court lacked jurisdiction and

- the federal district court thus lacked derivative jurisdiction.

In his reply brief, Mr. Brunson points out that derivative jurisdiction is not required for removals under 28 U.S.C. § 1441. 28 U.S.C. § 1441(f). Section 1441 governs removal when federal jurisdiction is based on diverse citizenship or federal questions. But the three Justices removed the action under 28 § U.S.C. § 1442 because they were federal officers. For removals under § 1442, derivative jurisdiction is still required. *High Lonesome*

*Ranch, LLC v. Bd. of Cnty. Comm'rs for Cnty. of Garfield*, 61 F.4th 1225, 1239–46 (10th Cir. 2023).

Mr. Brunson argues that even if derivative jurisdiction had been required, the state court had jurisdiction because the doctrine of sovereign immunity violates the First Amendment's right to petition for redress of grievances. We addressed the same argument in *Christensen v. Ward*, 916 F.2d 1462, 1472–73 (10th Cir. 1990). There we rejected this argument, reasoning that the right to petition for redress of grievances "focuses on procedural impediments to the exercise of existing rights and does not prevent a court from holding that a plaintiff has no remedy at law for the injuries he may allege." *Id.* at 1472.

We're bound by our precedent in *Christensen*, and this precedent requires us to recognize the federal government's sovereign immunity. *See In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) (per curiam). Because the government's sovereign immunity barred jurisdiction in state court, the federal district court lacked derivative jurisdiction. *See High Lonesome Ranch, LLC v. Bd. of Cnty. Comm'rs for Cnty. of Garfield*, 16 F.4th 1225, 1240 (10th Cir. 2023) ("Because the state trial court never had jurisdiction over these crossclaims, upon the United States' § 1442 removal, 'the federal court acquire[d] none.'" (quoting *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922))).

Finally, Mr. Brunson states in his reply brief that a violation of the judicial oath vitiates the Associate Justices' "immunity and jurisdictional claims." Appellant's Reply Br. at 8. But Mr. Brunson doesn't develop this statement into a distinct argument, and the reply brief would have been too late for that argument. *See Nelson v. City of Albuquerque*, 921 F.3d 925, 931 (10th Cir. 2019) (concluding that the appellant had waived an argument by failing to develop it); *Martin K. Eby Const. Co. v. OneBeacon Ins. Co.*, 777 F.3d 1132, 1142 (10th Cir. 2015) (concluding that an appellant waited too long to make an argument by waiting until the reply brief).

Because the state court lacked jurisdiction, we affirm the dismissal of the second suit.

Entered for the Court


Robert E. Bacharach
Circuit Judge