701 F.2d 129
 Kenneth L. GOODRICH, Plaintiff,
v.
BURLINGTON NORTHERN RAILROAD COMPANY and The Colorado and
Southern Railway Company, Defendants and
Third-Party Plaintiffs-Appellants,
v.
UNITED STATES of America and United States Postal Service,
Third-Party Defendants-Appellees.
 No. 82-1822.
 United States Court of Appeals,
Tenth Circuit.
 March 1, 1983.
 
 James P. Gatlin, Denver, Colo., for defendants and third-party plaintiffs-appellants.
 Janis E. Chapman, Asst. U.S. Atty., Denver, Colo. (Robert N. Miller, U.S. Atty., Denver, Colo., with her on brief), for third-party defendants-appellees.
 Before HOLLOWAY, McWILLIAMS and SEYMOUR, Circuit Judges.
 SEYMOUR, Circuit Judge.
 
 
 1
 Plaintiff Goodrich brought an action in state court seeking recovery for injuries resulting from the alleged negligence of defendants Burlington Northern Railroad Company and The Colorado and Southern Railway Company (Railroads). At the time Goodrich was injured, he was employed by the United States Postal Service. The Railroads filed a third-party complaint for contribution and indemnification against the Postal Service under the Federal Tort Claims Act, 28 U.S.C. Secs. 2671-2680 (1976), alleging that the negligence of the Postal Service was the primary cause of Goodrich's injuries.[1] The United States removed the action to federal court and moved to dismiss the third-party complaint, alleging that the court lacked subject matter jurisdiction. The district court granted the motion to dismiss and remanded the case to the state court. The Railroads appeal.
 
 
 2
 The only issue before this court is whether the district court properly dismissed the United States for lack of subject matter jurisdiction. It has long been established that removal jurisdiction is purely derivative in nature. Arizona v. Manypenny, 451 U.S. 232, 242, 101 S.Ct. 1657, 1664, 68 L.Ed.2d 58 (1981); Lambert Run Coal Co. v. Baltimore & Ohio Railroad, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922). "[I]t is well settled that if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." Manypenny, 451 U.S. at 242 n. 17, 101 S.Ct. at 1664 n. 17.
 
 
 3
 In this case the Railroads asserted their third party negligence claim against the United States under the Federal Tort Claims Act. Such an action is within the exclusive jurisdiction of the federal district courts. 28 U.S.C. Sec. 1346(b) (1976). Accordingly, the state court did not have jurisdiction over the claim against the United States, and the federal court was therefore without jurisdiction upon removal.
 
 
 4
 Appellants contend that this jurisdictional principle should not be applied in this case because a third-party claim is involved. They point out that dismissal of their claim against the United States will require them to maintain a subsequent second suit in federal court for indemnification if they are found liable in the state court proceeding. They argue that such a result frustrates judicial economy, the goal of Fed.R.Civ.P. 14(a), which authorizes the filing of third-party claims.[2]
 
 
 5
 We agree that "[t]he purpose of Rule 14 was to accomplish in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits." United States v. Acord, 209 F.2d 709, 712 (10th Cir.), cert. denied, 347 U.S. 975, 74 S.Ct. 786, 98 L.Ed. 1115 (1954). Nonetheless, "[w]here jurisdiction does not otherwise appear, mere permission, in the rules, to assert a claim, does not itself confer jurisdiction over that claim." Kenrose Manufacturing Co., v. Fred Whitaker Co., 512 F.2d 890, 893 (4th Cir.1972). In this case, the federal district court has no jurisdiction over the primary claim--Goodrich's negligence action against the Railroads, and no removal jurisdiction over the third-party claim. We are not at liberty to grant the Railroads' request that we expand federal jurisdiction in the name of judicial economy. See Fed.R.Civ.P. 82; see also Armstrong v. Alabama Power Co., 667 F.2d 1385, 1388 & n. 4 (11th Cir.1982) (United States dismissed as third-party defendant after removal when exclusive federal jurisdiction precluded the state court's exercise of jurisdiction).
 
 
 6
 The judgment is affirmed.
 
 
 
 [1]
 In their third party complaint, the Railroads also asserted a second claim for relief based on a lease agreement between the Railroads and the Postal Service. The Railroads confessed the motion to dismiss as to this contractual claim, and this aspect of the case is not before us
 
 
 [2]
 Rule 14 provides in relevant part:
 "At any time after the commencement of the action a defending party, as a third party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."
 Fed.R.Civ.P. 14(a).