Ursula SPENCER, et al.

v.

NEW ORLEANS LEVEE BOARD, et al.

Civ. A. No. 83–4039.

United States District Court, E.D. Louisiana.

Oct. 31, 1983.

Lawrence D. Wiedemann, New Orleans, La., for plaintiffs.

Thomas Loehn, New Orleans, La., for defendants.

ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on the motion of third-party defendant, David Barnes, to dismiss the third-party complaint filed by the New Orleans Levee Board for failure to state a claim as to this defendant. Defendant further moves that the case be remanded to the Civil District Court for the Parish of Orleans, the Court of original jurisdiction. Following oral argument, and considering the record, the memoranda filed by the parties, and the law applicable to this issue, the Court granted defendant's motion for the following reasons.

Plaintiffs, residents of the Parish of Orleans, Louisiana, filed suit against the Orleans Parish Levee Board, among others, in the Civil District Court for the Parish of

Orleans for property damage which allegedly resulted from flooding of the Florida-Desire Street area which was caused by the alleged failure of the Orleans Parish Levee Board to close certain flood gates in the area. The Orleans Parish Levee Board filed a third-party complaint against the National Weather Service on March 14, 1983, which party removed the entire proceeding to the United States District Court on March 24, 1983. The case was then remanded to the state court following the granting of plaintiffs' motion to dismiss the third-party claim of the Orleans Parish Levee Board for lack of subject matter jurisdiction on the basis that removal under 28 U.S.C. 1441, being derivative in nature, grants no jurisdiction to a federal court if the state court possessed none.[1]

This Court was advised at the hearing of the previous motion to dismiss that the Orleans Parish Levee Board intended to amend its complaint to name certain employees of the National Weather Service as defendants which actions would result, once again, in the removal of the action to federal court under 28 U.S.C. 2679(c). That intention was fulfilled with the filing of the amended complaint against David Barnes, the area manager of the National Weather Service, in the suits pending in State Court and their subsequent removal to federal court.[2]

■ The Court initially observes that while removal was proper, it was *not* pursuant to 28 U.S.C. 2679(c), which statute governs removal to the district court of cases involving torts committed by federal employees while operating motor vehicles.[3] This is clearly not the situation before the Court. The governing removal statute in this case is 28 U.S.C. 1442 which permits

suits against officers of the United States, including officers of agencies of the United States, for acts performed under the color of their office. Under section 1442, the only prerequisite to removal is that suit be brought against a federal officer. The statute grants independent jurisdiction over cases involving federal officers in situations where the district court might not otherwise have jurisdiction. *IMFC Professional Services of Florida v. Latin American Home Health, Inc.,* 676 F.2d 152 (5th Cir. 1982); *Swan v. Community Relations-Social Development Commission,* 374 F.Supp. 9 (E.D.Wis.1974); *National Audubon Society v. Department of Water,* 496 F.Supp. 499 (E.D.Calif.1980). As an officer of a federal agency has been named a party to this suit, removal under section 1442 was proper.

■ We next address the contention of third-party defendant, David Barnes, that the complaint against him should be dismissed for failure to state a cause of action on the basis of absolute immunity. Defendant argues that federal employees enjoy absolute immunity from civil suit for actions taken within the course of their employment. This privilege exists for discretionary acts of government officers, and is not limited to high level positions, but protects officers of lower rank as well. *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1958). The only limitation placed on this privilege is in the context of constitutional torts. *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). However, the holding of *Butz* does not affect those suits for ordinary tort claims where the doctrine of official immunity still applies.

---

**1.** Court's Order of June 2, 1983 appended hereto.

**2.** Companion cases Nos. 83–2829 and 83–4039 were allotted to this Section of the Court, but were not consolidated.

**3.** While a reading of sections (c) and (d) would initially lead one to assume that section 2679 applies to all suits against federal officers, the legislative history of section 2679 stresses that the purpose of the statute is to "meet the prob-

lem of personal liability in suits for damages to which employees of the federal government are subject as a result of their operation of motor vehicles in the performance of their official duties." Senate Report No. 736, 1961 U.S.C.C. A.N. at 2786. This purpose is implemented by subsections (c) and (d), according to the Senate Report. Based on this history, the Court does not read subsections (c) and (d) independently from the other subsections.

Absent an allegation of a tort of constitutional magnitude, federal officials are entitled to absolute immunity for ordinary torts committed within the scope of their jobs.

*Claus v. Gyorkey,* 674 F.2d 427, 431 (5th Cir.1982) (citations omitted). The allegations made against Mr. Barnes concern negligence on his part, while acting within the course and scope of his employment with the National Weather Service, in failing to properly supervise his employees, in failing to timely warn the Levee Board of weather and tidal conditions, and in failing to adequately predict weather conditions. These allegations clearly do not approach violations of a level that would constitute a constitutional offense, and are therefore dismissed.

▮ Absent David Barnes as a party to this suit, this Court is without continuing jurisdiction over the National Weather Service, which party it previously dismissed on removal.[4] As we have previously noted, plaintiffs have a right to select a state forum and we are loathe to disturb that selection where there is no basis for continuing federal jurisdiction. Accordingly, the motion of third-party defendants to dismiss the third-party complaint of the Orleans Parish Levee Board is granted, and the main demand is hereby remanded to the Civil District Court for the Parish of Orleans.

## APPENDIX

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| URSULA SPENCER, ET AL. | CIVIL ACTION |
| VS. | No. 83–1394 |
| NEW ORLEANS LEVEE BOARD, ET AL. | SECTION "A" |

### ORDER AND REASONS

Charles J. Schwartz, J., District Judge.

This matter is before the Court on the motion of plaintiffs to dismiss the third-party claim of the New Orleans Parish Levee Board (Levee Board) against the National Weather Service for lack of subject matter jurisdiction, and to remand the main demand to the Civil District Court for the Parish of Orleans, the Court of original jurisdiction. Following oral argument and considering the record, the memoranda filed by the parties and the law applicable to this issue, the Court granted plaintiffs' motion for the reasons hereinafter set out.

Plaintiffs, residents of the Parish of Orleans, Louisiana, filed a class action damage suit against the Levee Board, the City of New Orleans and the State of Louisiana on January 21, 1983 in Civil District Court for the Parish of Orleans. The basis of plaintiffs' suit is the alleged negligent failure of the Levee Board to close the flood gates on the Industrial Canal which resulted in flooding in the Florida-Desire area of New Orleans and property damage to the plaintiffs. At the time of filing, plaintiffs' suit was completely non-diverse and presented no federal question, nor did it involve any federal agency of the United States of America. On March 14, 1983, the Orleans Parish Levee Board filed a third-party petition in the state court suit against the National Weather Service, an agency of the United States of America. The United States of America removed the entire state court proceeding to the United States District Court on March 24, 1983.

Plaintiffs argue that removal was improper as the Civil District Court did not have jurisdiction over the United States of America because the federal courts have exclusive jurisdiction over actions brought under the Federal Tort Claims Act, 28 U.S.C. 1343(b). Since removal is derivative in nature, plaintiffs contend that this Court cannot acquire jurisdiction from a court which did not have jurisdiction.

Removal procedures generally permit removal if the case might have been brought in federal court originally, and if it is also within the subject matter jurisdiction of the state court in which it has been commenced. 28 U.S.C. 1441.[1]

"(I)t is well settled that if the state court lacks jurisdiction over the subject matter

---

**4.** Court's Order of June 2, 1983.

**1.** 28 U.S.C. 1441 provides:

"(a) Except as otherwise expressly provided by Act of Congress, any sole action brought in a State court of which the district courts of

or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there."

*Arizona v. Manypenny,* 451 U.S. 232, 101 S.Ct. 1657, 1664, fn. 17, 68 L.Ed.2d 58 (1981). Where an action, even a third-party claim, is asserted which is within the exclusive jurisdiction of the federal district courts, the state court will not have jurisdiction over the claim. *Goodrich v. Burlington Northern R.R. Co.,* 701 F.2d 129 (10th Cir.1983) (third-party complaint against the Postal Service under the Federal Tort Claims Act held within the exclusive jurisdiction of the federal courts, and therefore, state court did not have jurisdiction over claim and federal court was without jurisdiction upon removal). The jurisdiction of a federal court over a removed case can be no greater than that of the state court whence the case came. *Armstrong v. Alabama Power Co.,* 667 F.2d 1385 (11th Cir. 1982).

Application of this case law to the instant case results in the finding that this case was removed improvidently and without

jurisdiction. The attempt by the Levee Board to join a United States agency did not confer jurisdiction of that claim on the state court as the Act's exclusive federal jurisdiction absolutely precludes the state court's exercise of jurisdiction. This Court therefore acquired no derivative jurisdiction over the agency upon removal. The Levee Board attempts to characterize plaintiffs' complaint as an "artful" attempt to avoid federal court, but there is no indication that this is, in fact, plaintiffs' motivation. Plaintiffs have a right to choose a state forum and we cannot disturb that right where a ground for removal is not contained in plaintiffs' complaint.

Defendant argues that it would be a judicial waste of time to dismiss the third-party demand and remand the case as it will file a third-party demand again in state court naming various employees of the National Weather Service as defendants and will once again remove the action to federal court under 28 U.S.C. 2679(c).[2] The Levee Board argues that, as a practical matter, to save judicial time and expense, it should be permitted to amend its third-party com-

the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original judisdiction founded on the claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties and interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein or, in its discretion, may remand all matters not otherwise within original jurisdiction."

**2.** 28 U.S.C. 2679(c) states:

"The attorney general shall defend any civil action or proceeding brought in any court against an employee of the government or his estate for any such damage or injury. The employee against whom such civil action or proceeding is brought shall deliver within

such time after date of service or knowledge of service as determined by the attorney general, all process served upon him or an attested true copy thereof to his immediate superior or or to whomever was designated by the head of his department to receive such papers and such person shall promptly furnish copies of the pleadings and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the attorney general, and to the head of his employing federal agency.

(d) Upon a certification by the attorney general that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a state court shall be removed without bond at any time before trial by the attorney general to the district court of the United States for the district and division embracing the place wherein it is pending and the proceedings deemed a tort action brought against the United States under the provisions of this title and all references thereto. Should the United States district court determine on a hearing on a motion to remand held before a trial on the merits that the case so removed is one in which a remedy by suit within the meaning of subsection (b) of this section is not available against the

plaint to name these employees and thus save federal jurisdiction. However, "(it) is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed." *IMFC Professional, etc. v. Latin Am. Home Health,* 676 F.2d 152, 157 (5th Cir.1982), citing *In re Carter,* 618 F.2d 1093, 1101 (5th Cir.1980). This Court is thus precluded from creating jurisdiction through amendment where jurisdiction did not initially exist. It is clear that a complaint may not be amended after an improper removal to state a separable controversy. *IMFC Professional,* supra.

Accordingly, plaintiffs' motion to dismiss the third-party claim of the Levee Board against the National Weather Service is granted and the main demand is hereby remanded to Civil District Court for the Parish of Orleans. As this Court has no jurisdiction over the third-party claim against the National Weather Service, the motion of that defendant to dismiss is moot.

New Orleans, Louisiana, this 2nd day of June, 1983.

United States, the case shall be remanded to the state court."