Elinor A. McRORY, etc., et al., Plaintiffs,

v.

HOBART BROTHERS COMPANY, INC., United States Fidelity and Guaranty Company, Defendants,

HOBART BROTHERS COMPANY, INC., United States Fidelity and Guaranty Company, M.G.C., Inc., Boston Old Colony Insurance Co., Defendants-Third Party Plaintiffs-Appellants,

v.

NATIONAL OCEANOGRAPHIC AND ATMOSPHERIC ADMINISTRATION, Third Party Defendant-Appellee.

No. 82–5520.

United States Court of Appeals, Eleventh Circuit.

May 29, 1984.

Richard A. Sherman, Fort Lauderdale, Fla., for Hobart Bros. Co., Inc. and U.S. Fidelity and Guar. Co.

Peters, Pickle, Flynn, Neimoeller, Stieglitz & Downs, Jackson L. Peters, Jeanne Heyward, Miami, Fla., for M.G.C., Inc. and Boston Old Colony Ins. Co.

Stanley Marcus, U.S. Atty., Maria Arista-Volsky, Asst. U.S. Atty., Miami, Fla., for Nat. Oceanographic and Atmospheric Admin.

Arnold Ginsberg, Miami, Fla., Eric L. Ansel, Miramar, Fla., for McRory.

Before GODBOLD, Chief Judge, and TJOFLAT and HENDERSON, Circuit Judges.

## PER CURIAM:

In this appeal we are called upon to determine whether the district court had subject matter jurisdiction over a case involving third-party claims against the United States, which was before the court on removal from state court. The district court dismissed the third-party claims against the United States on the merits and remanded the remainder of the case to the state court. We affirm the court's action dismissing the claim and remanding the case, but on the ground that the district court lacked subject matter jurisdiction over the third-party claim.

## I.

On September 18, 1979, James McRory, an engineering technician for the National Oceanographic and Atmospheric Administration (NOAA) was fatally injured when a power cart that he was using to provide power to an NOAA aircraft unexpectedly engaged and crushed him against the aircraft. His widow filed suit in state court against Hobart (the manufacturer of the cart), M.G.C. (the distributor of the cart), their respective insurance companies, and Airtech (the maintenance and repair contractor for the cart). Meanwhile, she elected to receive benefits and wrongful death compensation from the United States under the Federal Employees' Compensation Act (FECA) 5 U.S.C. § 8101 et seq. (1982).

Hobart, M.G.C., and their insurance companies filed third-party complaints in the state court against NOAA for contribution and indemnity under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), §§ 2671–2680 (1982). NOAA immediately removed the action to the federal district court. There the agency moved to dismiss the third-party complaints on several grounds, including (1) that the exclusive liability provisions of FECA barred any contribution claim against NOAA, and (2) that because the state court had no subject matter jurisdiction over the claims against NOAA, the district court acquired no subject matter jurisdiction on removal.[1] The district court reached only the first of these theories; it concluded that the third party claims by Hobart, M.G.C., and the insurers were barred by FECA. The court accordingly dismissed on the merits the third-par-

---

1. The district court had no independent grounds for subject matter jurisdiction over the plaintiff's lawsuit; diversity was not present, nor was a federal question involved. The district court thus had only removal jurisdiction; accordingly, its jurisdiction was limited to matters within the jurisdiction of the state court.

ty claims against NOAA and remanded the principal McRory suit to state court where it had originated.

Hobart, M.G.C., and their insurers appealed the dismissal to this court, arguing that FECA did not bar their claims. Since their appeal, the United States Supreme Court has vindicated their position on the merits, holding in *Lockheed Aircraft v. United States,* 460 U.S. 190, 103 S.Ct. 1033, 1037–38, 74 L.Ed.2d 911 (1983), that FECA would not bar a manufacturer from obtaining indemnity or contribution from the United States. The government now argues that the district court's dismissal of the third party claims must be upheld on the second theory raised in its motion to dismiss, that the district court lacked subject matter jurisdiction.

## II.

■ It is well established that removal jurisdiction is purely derivative in nature. *Arizona v. Manypenny,* 451 U.S. 232, 242, 101 S.Ct. 1657, 1664–65, 68 L.Ed.2d 58 (1981); *Lambert Run Coal Co. v. Baltimore & Ohio Railroad,* 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922). Accordingly, "if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." *Manypenny,* 451 U.S. at 242 n. 17, 101 S.Ct. at 1665 n. 17.

■ Hobart, M.G.C., and their respective insurance companies brought third-party claims against NOAA under the Federal Tort Claims Act. Such actions are within the exclusive jurisdiction of the federal district courts. 28 U.S.C. § 1346(b) (1982) provides as follows:

Subject to the provisions of chapter 171 of this title, the district courts, ... shall have *exclusive jurisdiction of civil actions on claims against the United States, for money damages, ... for ... personal injury or death caused by the* *negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment,* under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. (Emphasis added.)

The state court thus had no subject matter jurisdiction over the claims against NOAA when the third-party complaints were filed, and the district court acquired none on removal. *See Armstrong v. Alabama Power Co.,* 667 F.2d 1385, 1387–8 & n. 4 (11th Cir.1982); *see also Goodrich v. Burlington Northern Railroad Co.,* 701 F.2d 129, 130 (10th Cir.1983).

It is true that this situation will force the matter to be resolved in two lawsuits, one in state court to determine the liability of the original defendants to the plaintiff, and a subsequent federal contribution and indemnity suit against NOAA. As the *Goodrich* court noted, however, "[w]e are not at liberty to grant [a] request that we expand federal jurisdiction in the name of judicial economy." *Id.* at 130. Moreover, here, as in *Armstrong,* the third party claimants will suffer no prejudice. Their contribution and indemnity claims are not yet ripe, and no statute of limitations will begin to run on those claims until the state court enters final judgment for the plaintiff. Accordingly, we affirm the district court's dismissal of the third party claims against NOAA not on the merits, but on the ground that the district court lacked subject matter jurisdiction of these claims, and, *see supra* note 1, of the plaintiff's claims against the third party plaintiffs.

AFFIRMED.