**Marie R. CYR, Plaintiff,**

v.

**Cecil MAYO, Jr., and Nathan Barbour and John Does 1–10, Defendants,**

v.

**James BRADLEY and United States of America Department of Agriculture, FMHA, Third Party defendants.**

**Civ. No. 84–102.**

United States District Court, D. Vermont.

Oct. 31, 1984.

---

Jeffrey Smith, Middlebury, Vt., for plaintiff.

David A. Williams, Morrisville, Vt., for defendants Mayo and Barbour.

James W. Runcie, Downs, Rachlin & Martin, South Burlington, Vt., for third party defendant James Bradley.

Peter W. Hall, Asst. U.S. Atty., Rutland, Vt., for third party defendant USA.

## OPINION AND ORDER

BILLINGS, District Judge.

This case is before the court on the motion of third-party defendant United States to dismiss for lack of subject matter jurisdiction. For the reasons recited below, that motion is GRANTED and the action is REMANDED to the Lamoille Superior Court of the State of Vermont.

FACTS

In January, 1984, plaintiff Marie R. Cyr filed a complaint in Lamoille Superior Court alleging that defendants Cecil Mayo, Jr.; Nathan Barbour; and John Does # 1–10 had constructed and sold to her a defective house. She asserted claims against the defendants for breach of warranty, misrepresentation and negligence. On February 1, 1984, defendants Cecil Mayo, Jr. and Nathan Barbour filed a third party complaint against James Bradley, the United States Department of Agriculture, and the Farmers Home Administration. (Hereinafter, the last two defendants will be collectively referred to as "the United States.") Defendants, third-party plaintiffs alleged that any construction defects connected with the foundation of the dwelling arose because of specifications "dictated" by FmHA (Third-party Complaint, Paragraph 5). Defendants, third-party plaintiffs sought judgment against the United States in the amount of any judgment rendered against the United States. On March 19, 1984, the United States successfully petitioned for removal of this action to this court, pursuant to 28 U.S.C. Sec. 1441(a). On September 19, 1984, the United States filed this motion for dismissal.

DISCUSSION:

This case must be dismissed in accordance with the legal doctrine of derivative jurisdiction which holds that upon removal, the receiving court only acquires that jurisdiction vested in the transferor court. Here, the state court had no subject matter jurisdiction over the claim against the United States.

The United States Supreme Court first enunciated this doctrine in the case of *Lambert Co. v. Balt. & Ohio R.R. Co.*, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922). There, the Court said:

"The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none..."

The Supreme Court has reiterated this doctrine in the cases of *Arizona v. Manypenny*, 451 U.S. 232, 242 n. 17, 101 S.Ct. 1657, 1665 n. 17, 68 L.Ed.2d 58 (1980) (even though a federal court has original jurisdiction over a suit, it acquires no jurisdiction upon removal from a state court that

lacked jurisdiction); and *Minnesota v. United States*, 305 U.S. 382, 388–389 (1939) (when state court lacks jurisdiction, on removal, the federal court acquires none). This doctrine has been the subject of considerable well-deserved criticism. Writing in *State of Washington v. American League of Professional Baseball Clubs*, 460 F.2d 654, 658–659 (9th Cir.1972), Judge Duniway stated that:

"This is the kind of legal tour de force that most laymen cannot understand, particularly in a case where the federal court not only has subject matter jurisdiction but has exclusive subject matter jurisdiction. One would have thought that the purpose of removal in such a case is to get the case out of the court that lacks jurisdiction to hear it and into the court that has jurisdiction, and to keep it in the latter court, so that it can be tried and a valid judgment can be entered."

However, he concluded, "whatever we think of it, the rule has been applied by the Supreme Court," *id.* at 659. Only legislation can change this rule. *See* 14 Wright and Miller, Section 3722 at pp. 574–577.

In recent years, numerous other federal courts have applied the doctrine of derivative jurisdiction to dismiss from federal court claims against the United States that were originally brought in state court. *See, e.g., Reid v. United States*, 715 F.2d 1148, 1153–1154 (7th Cir.1983) (dismissal of removed trespass claims, as federal district courts and the Court of Claims have exclusive jurisdiction under the Tucker Act); *Spencer v. New Orleans Levee Board*, 563 F.Supp. 1352, 1354 (E.D.La.1983) (dismissal of removed claim as Federal Tort Claims Act gives exclusive jurisdiction to the federal courts); *Goodrich v. Burlington Northern R.R. Co.* 701 F.2d 129, 130 (10th Cir.1983) (dismissal of removed claim as federal courts had exclusive jurisdiction under the Federal Tort Claims Act); and *Cusanelli v. Klaver*, 542 F.Supp. 677, 680 (E.D.N.Y.1982) (dismissal of removed claim as state court did not have jurisdiction over the United States).

In the case at bar, the Lamoille Superior Court lacked subject matter jurisdiction over the third-party claim against the United States. The sovereign immunity of the United States with respect to tort claims is exclusively waived under the Federal Tort Claims Act, 28 U.S.C. Sec. 1346(b), 2671–2680. The Act states that "the district courts … shall have exclusive jurisdiction of civil actions on claims against the United States." 28 U.S.C. Sec. 1346(b). Since the state court had no subject matter jurisdiction over the third-party claim, this court acquired none upon removal. The case must be dismissed.

With dismissal of the claim against the United States, pendent jurisdiction over the original claim disappears. The case is hereby remanded to the Lamoille Superior Court.

SO ORDERED.