# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50790

United States Court of Appeals
Fifth Circuit

**FILED**

April 10, 2014

Lyle W. Cayce
Clerk

JESUS IVAN LOPEZ,

Plaintiff – Appellee

v.

SENTRILLON CORPORATION,

Defendant – Third Party Plaintiff-
Appellant

v.

UNITED STATES OF AMERICA,

Third Party Defendant – Appellee

Appeal from the United States District Court
for the Western District of Texas

Before HIGGINBOTHAM, DAVIS, and HAYNES, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Jesus Ivan Lopez filed state law claims in state court against Sentrillion Corporation, a general contractor, for injuries he sustained during a construction project for the United States Custom and Border Protection. Sentrillion filed third-party indemnity and contribution claims under the Federal Tort Claims Act (FTCA) against the United States. The United States, in turn, removed the case to federal court under 28 U.S.C. § 1442(a) and then immediately moved to dismiss under the derivative jurisdiction doctrine. The

No. 13-50790

district court dismissed all claims against the United States and remanded the remaining claims—Lopez's state law claims against Sentrillion—to state court. Sentrillion now appeals both the dismissal and remand. We affirm the district court.

## I

Lopez filed suit in state court against his employer Sentrillion (the appellant here), asserting state law claims arising out of a workplace injury that occurred on July 25, 2011. At the time of the accident, Lopez was working for Ramon R. Vaquera d/b/a Yucca Contracting, a subcontractor for Sentrillion, the general contractor, on a project for the United States Customs and Border Protection. Sentrillion filed a Third Party Petition in state court against the United States on October 4, 2012, seeking contribution and indemnification under the FTCA. The United States removed the case to federal court under 28 U.S.C. § 1442(a), the federal officer removal statute, on October 24.

The following day, the United States moved to dismiss the claims against it for lack of jurisdiction pursuant to the derivative jurisdiction doctrine. The district court initially denied the motion to dismiss, reasoning that the derivative jurisdiction doctrine did apply to removals under § 1442 but that the United States had waived the doctrine by removing the case to federal court. On the United States' motion for reconsideration, however, the district court granted the motion to dismiss the third party claims against the United States. It continued to maintain that the derivative jurisdiction doctrine applied to removals under § 1442. But on reconsideration, it determined that Supreme Court precedent precluded its earlier finding that the United States had waived the derivative jurisdiction doctrine, at least here where the United States moved to dismiss the day after it removed the case to federal court. It explained that "when the [derivative jurisdiction] doctrine is raised promptly upon removal prior to adjudication of the merits, the doctrine must be invoked

2

to limit the federal court's jurisdiction, if any, to that of the state court." The district court thus dismissed Sentrillion's third-party claims against the United States for lack of jurisdiction on July 8, 2013.

The district court then determined that it lacked supplemental jurisdiction over the pendent state-law claims because there is no claim over which the court had original jurisdiction. It concluded that the doctrine of derivative jurisdiction "prevented [the district c]ourt from establishing original jurisdiction," and so "the FTCA claim, as removed, is simply too attenuated to serve as a jurisdictional anchor for Plaintiff's state law claims." In the alternative, the district court considered the statutory factors under 28 U.S.C. § 1367(c), its discretionary supplemental jurisdiction, and concluded that "the interests of judicial economy, convenience, fairness, and comity weigh in favor of declining to exercise supplemental jurisdiction." It thus remanded Lopez's remaining state law claims against Sentrillion to state court. Sentrillion timely appealed both the dismissal and the remand. It also moved to stay the remand pending appeal, but both the district court and this Court denied the motion.

While the United States' motion to dismiss for lack of jurisdiction was pending, the United States filed a second motion to dismiss, arguing that any claim for contribution or indemnification that Sentrillion has against the government arose from its contract with the United States and therefore, under the Contract Disputes Act,[1] such claims are within the exclusive jurisdiction of the Court of Federal Claims. The district court denied the motion as moot concurrent with its order granting the United States' motion to dismiss the claims against it. Sentrillion filed a second suit in federal district court (not in the Court of Federal Claims) asserting FTCA contribution

---

[1] 41 U.S.C. § 7101 *et seq.*

## No. 13-50790

and indemnification claims against the United States. That suit remains pending.

## II

As an initial matter, Lopez argues that this Court lacks jurisdiction to review the appeal from the remand order. 28 U.S.C. § 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." The language of the statute creates an unambiguous exception to the general rule of unreviewability for cases removed to federal court pursuant to § 1442, as was the case here. Lopez urges us to disregard this clear language and hold instead that the exception is limited to review of orders remanding suits against federal officers, which it alleges was Congress' intent in passing the Removal and Clarification Act of 2011.[2] But it is "well established that, 'when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'"[3] "Only after we apply principles of statutory construction, including the canons of construction, and conclude that the statute is ambiguous, may we consult legislative history."[4] But statutory language is ambiguous only if it is "susceptible to more than one reasonable interpretation or more than one accepted meaning."[5] No such ambiguity exists in the statute here, which plainly states that "an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable

---

[2] Pub. L. No. 112-51, 125 Stat. 545 (2011).

[3] *Carrieri v. Jobs.com Inc.*, 393 F.3d 508, 518 (5th Cir. 2004) (quoting *Lamie v. United States Trustee*, 124 S. Ct. 1023, 1030 (1994)).

[4] *In re Amy Unknown*, 701 F.3d 749, 760 (5th Cir. 2012) (en banc).

[5] *Id.* (citing *Carrieri*, 393 F.3d at 518–19).

No. 13-50790

by appeal or otherwise."[6]  We thus decline Lopez's invitation to read into the statute a limitation that does not appear there, and hold that we have jurisdiction to review the remand order here.

III

Sentrillion argues that the district court erred in dismissing Sentrillion's third-party FTCA claims against the United States based on the derivative jurisdiction doctrine.  We review questions of law de novo.[7]

The district court determined that the derivative jurisdiction doctrine stripped it of jurisdiction over the third-party claims against the United States, and it therefore dismissed those claims on July 8, 2013.  The derivative jurisdiction doctrine maintains that when a case is removed from state to federal court, the jurisdiction of the federal court is derived from the state court's jurisdiction.  Thus, "[w]here the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction."[8]  Sentrillion urges us to hold that the district court erred in dismissing Sentrillion's FTCA claims against the United States because it argues that the derivative jurisdiction doctrine was abrogated by Congress for removals under 28 U.S.C. § 1442.

We disagree.  In 1986, Congress amended 28 U.S.C. § 1441(e) to add language that eliminated the application of the derivative jurisdiction.  That amendment provided that "the court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have

---

[6] 28 U.S.C. § 1447(d).

[7] *Reingold v. Swiftships Inc.*, 210 F.3d 320, 321 (5th Cir. 2000).

[8] *Minnesota v. United States*, 305 U.S. 382, 389 (1939) (citing *Lambert Run Coal Co. v. Baltimore & Ohio R. Co.*, 258 U.S. 377, 383 (1922) and *General Investment Co. v. Lake Shore & M.S. Ry. Co.*, 260 U.S. 261, 288 (1922)).

any jurisdiction over that claim."[9]   Following this amendment, courts disagreed about whether Congress intended the abrogation of the derivative jurisdiction doctrine to extend to removals under other provisions, such as 28 U.S.C. § 1442.[10]

But any ambiguity about the endurance of the derivative jurisdiction doctrine as applied to removals under § 1442 was eliminated when Congress amended § 1441 in 2002 to add the words "removed under this section."  Thus, as amended and renumbered, 28 U.S.C. § 1441(f) now provides: "The court to which a civil action is removed *under this section* is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have any jurisdiction over that claim."[11]

Sentrillion urges us to hold that the 1986 amendment to § 1441 abrogated the derivative jurisdiction doctrine with respect to removals under § 1442 as well, a position we declined to take even before the 2002 amendments revised the statutory language against Sentrillion's favor.[12]  But we think the

---

[9] 28 U.S.C. § 1441(e) (1987).

[10] *Compare Edwards v. United States Dept. of Justice*, 43 F.3d 312, 316 (7th Cir. 1994) (holding that the derivative jurisdiction doctrine continued to apply to suits removed under § 1442), *and In re Elko Cnty. Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997) (same), *with North Dakota v. Fredericks*, 940 F.2d 333, 337 (8th Cir. 1991) (holding that the "policy of Congress underlying new § 1441(e) supports the complete abandonment of the derivative-jurisdiction theory").

[11] Emphasis added.

[12] Sentrillion cites some dicta in cases from this circuit that appears to recognize an abrogation of the derivative jurisdiction doctrine without specifying that the abrogation is limited to § 1441.  But the cases on which Sentrillion relies did not involve removals under § 1442.  *See Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1542 (5th Cir. 1991) (matter removed to federal district court under § 1441(b)); *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991) (holding that removal under § 1441(a) of the admiralty claims at issue was in error); *Beighley v. FDIC*, 868 F.2d 776, 779–80 n.6 & n.8 (5th Cir. 1989) (noting that the FDIC removed the action to federal court pursuant to 12 U.S.C. § 1819, a statute that "grants the FDIC special removal powers," and that amendments to § 1441(e) were inapplicable to the case at issue because it was filed before the statute's effective date).  Moreover, after the 1986 amendment, this court held, without explicitly citing the derivative jurisdiction doctrine, that a federal court lacked

amended statutory language is clear that the "new § 1441(f) limits the abrogation of the derivative jurisdiction doctrine to cases removed under 28 U.S.C. § 1441. The doctrine therefore continues to apply to cases removed pursuant to other statutes such as 28 U.S.C. § 1442,"[13] as in the instant case. By its terms the derivative jurisdiction doctrine applies to this case. Sentrillion raised its third-party claims against the United States in state court, but federal sovereign immunity deprived the state court of subject matter jurisdiction.[14] The United States has waived its sovereign immunity to tort liability only under the FTCA, which grants exclusive jurisdiction over such claims to federal courts in 28 U.S.C. 1346(b)(1). Reading the plain language of the amended § 1441(f) as we do, we see little room to question that Congress has abrogated the derivative jurisdiction doctrine only with respect to removals under § 1441. In so holding, we join both circuits to have considered the issue since the 2002 amendments and similarly concluded that, "for whatever reasons[,] Congress intended to keep the [derivative jurisdiction] doctrine in place" for removals other than those under § 1441.[15]

Thus, we affirm the district court's holding that it was bound by extant Supreme Court precedent to dismiss Sentrillion's claims against the United

---

jurisdiction to enforce a state court subpoena of a federal officer. *See Louisiana v. Sparks*, 978 F.2d 226, 234–36 (5th Cir 1992) (dismissing on sovereign immunity grounds a case seeking to subpoena a federal officer in a case removed from state court to federal court under § 1442).

[13] 14B Charles Alan Wright & Arthur R. Miller, et al., Federal Practice and Procedure § 3721 (4th ed. 2012).

[14] *See Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996) ("The United States, as sovereign, is immune from suit save as it consents to be sued.") (alternations and quotation marks omitted).

[15] *Rodas v. Seidlin*, 656 F.3d 610, 619 (7th Cir. 2011); *see also Palmer v. City Nat'l Bank of W. Va.*, 498 F.3d 236, 246 (4th Cir. 2007) ("Whatever the intent of the 2002 amendment, its result was that § 1441(f) is more clear than former § 1441(e) in abrogating derivative jurisdiction only with respect to removals effectuated under § 1441.")

No. 13-50790

States under the derivative jurisdiction doctrine.[16]

IV

Sentrillion also contends that the district court erred in remanding the state law claims that remained after the district court dismissed the FTCA against the United States.   The district court correctly noted that Sentrillion's third-party claims against the United States were the only potential basis for original jurisdiction in the district court, as Lopez's state-law claims against Sentrillion present no federal question and complete diversity is lacking. Rather, the United States removed under 28 U.S.C. 1442(a), which provides for the removal of civil actions directed against federal officers or agencies. With these claims dismissed, supplemental jurisdiction under 28 U.S.C. § 1367 provided the only potential jurisdictional hook for the remaining state law claims.  Arguing that "the court remanded the state law claims only because it found that the derivative jurisdiction doctrine required it to dismiss the federal claims," Sentrillion alleges this dismissal was in error, and hence so also was the order of remand.

But Sentrillion is mistaken both as a matter of fact and a matter of law. Following its dismissal under the derivative jurisdiction doctrine of the claims against the United States, the district court granted Lopez's motion to remand the state law claims to state court, and it did so explicitly on two grounds.  The district court first looked to whether dismissal of the FTCA claim pursuant to the doctrine of derivative jurisdiction should be considered a jurisdictional defect barring it from original jurisdiction.  It determined that the doctrine is jurisdictional and prevented the district court from establishing original jurisdiction because the state court lacked jurisdiction to adjudicate the FTCA claim.  Thus, without original jurisdiction as to the only asserted federal claim,

---

[16] *Minnesota*, 305 U.S. 382; *Lambert Run*, 258 U.S. 377.

the district court determined it lacked a "jurisdictional anchor" to assert jurisdiction over the remaining state law claims, even if those claims derive from a common nucleus of operative fact. But the district court then separately determined that, assuming *arguendo* that the doctrine of derivative jurisdiction did not deprive it of original jurisdiction over Sentrillion's FTCA claim, the statutory factors of 28 U.S.C. § 1367(c) and common law factors weighed in favor of declining to exercise supplemental jurisdiction over the pendent state law claims.

The argument that the inaptly named derivative jurisdiction doctrine is not "jurisdictional" in the sense of constituting an essential ingredient of original federal subject matter jurisdiction over removed actions has purchase, and we find persuasive the recent careful analysis of the Seventh Circuit in *Rodas v. Seidlin*[17] that the doctrine is better understood as a procedural bar to removal.[18] Thus, the procedural limitation on the district court's ability to hear the FTCA claims on removal would not "strike[] at the heart" of the district court's subject matter jurisdiction[19] over these claims; there is a strong argument that those claims, although dismissed for procedural reasons under the derivative jurisdiction doctrine, never ceased to be the jurisdictional "hook" that the district court needed to exercise supplemental jurisdiction over Lopez's state-law claims against Sentrillion.[20]

But we need not decide this issue to affirm the district court's order remanding the remaining state law claims against Sentrillion to state court.

---

[17] 656 F.3d at 621–25.

[18] *See also Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1548 (5th Cir. 1991) (referring to the "doctrine of derivative removal jurisdiction")

[19] *Rodas*, 656 F.3d at 622.

[20] Section 1367(c)(3) provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."

No. 13-50790

Sentrillion challenges on appeal only the subject matter jurisdiction basis for the district court's remand order, and ignores altogether the district court's alternative holding that if it possessed original jurisdiction, it would decline to exercise supplemental jurisdiction based on the balance of the 28 U.S.C. § 1367(c) statutory and common law factors.  By not briefing any challenge to the district court's alternative § 1367(c) basis for remand, Sentrillion has waived it.[21]  Having done so, Sentrillion cannot prevail in its challenge to the district court's remand of the state-law claims whether we determine the district court was correct in ruling it lacked jurisdiction, because then the claims must be remanded, or whether we determine the district court was incorrect in ruling it lacked jurisdiction, because Sentrillion did not challenge the alternative basis for remand and thus waived it.  In other words, because § 1367(c) discretion "constituted an independent ground for dismissal below, appellant [was] required to raise it to have any chance of prevailing in this appeal."[22]  Having determined as a preliminary matter that the derivative jurisdiction doctrine applies to removals under § 1442, we affirm the district court's order remanding the remaining state law claims to state court on the basis that Sentrillion waived appeal of the § 1367(c) determination.[23]

---

[21] *See Bailey v. Shell Western E&P, Inc.*, 609 F.3d 710, 722 (5th Cir. 2010) ("Issues not briefed on appeal are waived.").

[22] *Id.* (quoting *Atwood v. Union Carbide Corp.*, 847 F.2d 278, 280 (5th Cir. 1988) (alternations in original)).

[23] *See id.* (affirming the dismissal of all of appellant's claims on the basis that he waived, by not briefing, an appeal of one of the district court's grounds for dismissal).