# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60355
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 23, 2015

Lyle W. Cayce
Clerk

EQUITY TRUST COMPANY, Custodian, FBO Jean K. Thoden IRA #95896, also known as ETC CUSTFBO Jean K. Thoden IRA 95896,

> Plaintiff - Appellant

v.

ROBERT A. MCDONALD, Secretary of Veterans Affairs, in his capacity as head of an agency of the United States of America,

> Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

REAVLEY, Circuit Judge:

Borrowers defaulted on a loan guaranteed by the VA Home Loan Guaranty Program, and the Secretary of Veterans Affairs acquired the property through foreclosure. Later, after ad valorem property taxes imposed by Jackson County, Mississippi went unpaid, the property was sold to plaintiff–appellant Equity Trust Company at a tax sale. Equity Trust Company claims that it acquired title by that tax sale and ultimately filed suit to quiet title in a Mississippi state court. The defendant–appellee Secretary removed the action to federal court and counter-claimed for declaratory relief.

No. 15-60355

The district court determined the state court lacked subject matter jurisdiction over Equity Trust Company's suit and therefore dismissed it. The district court further found that the tax sale was void and therefore quieted title in favor of the Secretary. Both of these rulings are challenged on appeal.

## I.

The Supreme Court has held that the Quiet Title Act "provide[s] the exclusive means by which adverse claimants [may] challenge the United States' title to real property." *Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 286, 103 S.Ct. 1811, 1819 (1983). Equity Trust Company ignores the Quiet Title Act and argues that Congress waived sovereign immunity with 38 U.S.C. § 3720(a). That statute provides, generally, that the Secretary may "sue and be sued" over "matters arising by reason of" the VA loans program. 38 U.S.C. § 3720(a)(1). In *Block*, the Supreme Court held not only that a Quiet Title Act claim in federal court is the "exclusive means" by which a quiet title action may be brought against the federal government, it also recognized "the rule that a precisely drawn, detailed statute preempts more general remedies." *See* 461 U.S. at 285–86, 103 S. Ct. at 1819. *Block* controls. A quiet title action against the federal government must be brought in federal court, and when the state court lacks subject matter jurisdiction, no jurisdiction is added by removal to federal court. *See Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350 (5th Cir. 2014), as revised (Apr. 28, 2014). The district court rightly concluded it was without subject matter jurisdiction over the plaintiff's suit.

## II.

Congress has the "Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States." U.S. Const. art. IV, § 3, cl. 2. This Property Clause of the Constitution vests in the legislature "'the absolute right to prescribe' the manner in which

its property is transferred." *In re Supreme Beef Processors*, Inc., 468 F.3d 248, 252 (5th Cir. 2006) (en banc) (quoting *Gibson v. Chouteau*, 80 U.S. (13 Wall.) 92, 99 (1872)).  Absent congressional permission, government officials may not "release or otherwise dispose of" government property.  *Royal Indem. Co. v. United States*, 313 U.S. 289, 294, 61 S. Ct. 995, 997 (1941).  Moreover, "for the most obvious reasons of public policy," the property of the federal government "cannot be seized by authority of another sovereignty, against the consent of the government."  *United States v. Ansonia Brass & Copper Co.*, 218 U.S. 452, 471, 31 S.Ct. 49, 54 (1910).

The Secretary has statutory authority to purchase property and may "sell, at public or private sale, exchange, assign, convey, or otherwise dispose of any such property."  38 U.S.C. § 3720(a)(5).  "For the purpose of facilitating the most expeditious sale, at the highest possible price," real property guaranteed by VA loans and obtained by the Secretary through foreclosure must be listed "with real estate brokers under such arrangements as the Secretary determines to be most appropriate and cost effective."  38 U.S.C. § 3733(d)(2).  Thus, "[t]he statutory scheme is clear: only the VA may sell property acquired under the VA Home Loan Guaranty Program."  *Yunis v. United States*, 118 F.Supp.2d 1024, 1036 (C.D. Cal. 2000).

Here, the property was sold pursuant to Mississippi state law.  In the absence of consent from the federal government, that sale was invalid.  *See United States v. Alabama*, 313 U.S. 274, 282, 61 S.Ct. 1011, 1014 (1941).  According to Equity Trust Company, the required congressional permission is found in 38 U.S.C. § 3720(a)(6), which provides that acquisition of property by the Secretary, "shall not deprive any State or political subdivision thereof of its civil or criminal jurisdiction of, on, or over such property (including power to tax) or impair the rights under the State or local law of any persons on such property."

No. 15-60355

While the statute preserves local "power to tax," it does not permit local governments to seize and sell federal government property. Equity Trust Company therefore relies on the latter half of the provision, which states that acquisition of property shall not "impair the rights under the State or local law of any persons on such property." Equity Trust Company contends that that Jackson County is a "person" within the meaning of 38 U.S.C. § 3720(a)(6), meaning its right to sell the property at a tax sale was not impaired.

"A proceeding against property in which the United States has an interest is a suit against the United States" implicating sovereign immunity. *See Alabama*, 313 U.S. at 282, 61 S. Ct. at 1014. This includes tax sales. *See id.* "Waivers of the Government's sovereign immunity, to be effective, must be 'unequivocally expressed.'" *United States v. Nordic Village Inc.*, 503 U.S. 30, 33, 112 S.Ct. 1011, 1014 (1992) (quoting *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95, 111 S.Ct. 453, 457 (1990)). Further, "waivers of sovereign immunity should be narrowly construed in favor of the United States." *In re Supreme Beef Processors, Inc.*, 468 F.3d at 253.

Section 3720(a)(6) is not an unequivocal waiver of sovereign immunity that permits Jackson County to sell federally owned property.[1] Indeed, Equity Trust Company's argument that Jackson County, Mississippi is a person within the meaning of the statute is implausible. Section 3720(a)(6) distinguishes between "State or political subdivision[s]" and "persons." It also distinguishes between "power" (of local governments) and "rights" (of persons).

---

[1] Confronted with the same question, the Commonwealth Court of Pennsylvania reached the same result. *See In re Upset Tax Sale, Sept. 13, 2006*, 976 A.2d 1271, 1277 (Pa. Commw. Ct. 2009) ("[T]he language of 38 U.S.C. § 3720(a)(6) does not provide unequivocal consent to a tax claim bureau to divest the V.A. of its property through an upset tax sale.").

No. 15-60355

The tax sale of federally owned real estate was null and void, and the district court rightly quieted title in favor of the Secretary.

## III.

The judgment of the district court is AFFIRMED.