**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 21-1047

———————

RONALD E GILLETTE,
                                        Appellant

v.

WARDEN GOLDEN GROVE ADULT
CORRECTIONAL FACILITY

———————

On Appeal from the District Court of the Virgin Islands
(Division of St. Croix)
District Court No. 1-17-cv-00042
District Judge:  Honorable Wilma A. Lewis

———————

Argued on May 11, 2022

Before:  JORDAN, MATEY and ROTH, *Circuit Judges*

(Opinion filed: July 21, 2023)

Joseph A. DiRuzzo, III          **(Argued)**
Daniel M. Lader
DiRuzzo & Company
401 East Las Olas Boulevard
Suite 1400
Fort Lauderdale, FL 33301

                    Counsel for Appellant

Bradley Hinshelwood          **(Argued)**
United States Department of Justice
Room 7256
950 Pennsylvania Avenue, NW
Washington, DC 20530

Adam Sleeper
Office of United States Attorney
5500 Veterans Drive
Suite 260
United States Courthouse
St. Thomas, VI 00802

Angela P. Tyson-Floyd
Office of United States Attorney
1108 King Street
Suite 201
Christiansted, VI 00820

                    Counsel for Appellee

## OPINION OF THE COURT

**ROTH,** *Circuit Judge.*

To aid his pending habeas corpus petition in the Virgin Islands Superior Court, Ronald Gillette subpoenaed the United States Attorney's Office (USAO) in the District of the Virgin Islands for documents related to his convictions under the laws of the Virgin Islands. The federal government was not a party to the habeas action and no convictions under federal law were being questioned in it. When Gillette did not receive the subpoenaed documents, he filed a motion to compel. The USAO removed the proceedings to the District Court and then moved to quash the subpoena. The District Court granted the motion to quash. Gillette appealed.

The government contends that we lack jurisdiction over Gillette's appeal because the United States never waived its sovereign immunity concerning non-monetary actions against it. According to the government, because there was no waiver, the Superior Court lacked jurisdiction over the USAO, and, as a result, since the District Court derived its jurisdiction over Gillette's subpoena-enforcement action from 28 U.S.C. §1442(a)(1), the District Court also lacked jurisdiction, and so do we.

We agree with the government. As explained in greater detail below, we will dismiss Gillette's appeal for lack of jurisdiction.

I.

Gillette is a serial sex offender. In the 1980s in New Mexico, he received a twenty-seven-year sentence for sex crimes. After his release, he never registered as a sex offender. On a tip, law enforcement found that Gillette had been living with a fifteen-year-old boy and had engaged in sexual contact with that child and another child. A grand jury indicted Gillette under both federal and Virgin Islands law. At a bench trial in District Court, Gillette was convicted on twenty counts of territorial-law offenses. The federal charges were dismissed. The court sentenced Gillette to 155 years' imprisonment. We affirmed Gillette's conviction on direct appeal.[1]

After exhausting his direct-appeal rights, Gillette filed a habeas petition in the Virgin Islands Superior Court. He sought to subpoena the USAO, and the Superior Court issued a subpoena duces tecum to the USAO. As required by Department of Justice regulations concerning subpoenas,[2] the USAO requested that Gillette submit "a summary of the information" sought "and its relevance to the proceeding."[3] Gillette never did so; instead, he moved for contempt and

---

[1] *United States v. Gillette*, 738 F.3d 63, 81 (3d Cir. 2013).
[2] Regulations setting out how an agency should respond to discovery are promulgated pursuant to 5 U.S.C. § 301. The regulations that were drawn up by the Department of Justice are often referred to as *Touhy* regulations, *see United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), in which the Supreme Court rejected a challenge to such regulations. Gillette did not comply with the *Touhy* regulations.
[3] JA 42; *see* 28 C.F.R. § 16.22(d).

sanctions against the USAO for failing to respond to his subpoena.

The USAO then removed the proceedings to the District Court pursuant to 28 U.S.C. § 1442(a)(1).[4]  There, the USAO moved to quash the subpoena, and Gillette sought the appointment of counsel.  The Magistrate Judge granted the motion to quash and denied Gillette's request for counsel.  The District Court affirmed the Magistrate Judge's order.   Gillette appealed.

## II.

## A.

The government's primary argument is that we lack jurisdiction over Gillette's subpoena-enforcement action because the United States never waived its sovereign immunity.  Gillette, however, contends that the government forfeited its position on sovereign-immunity.  Thus, before reaching the merits of the government's appeal, we must decide whether we have jurisdiction to consider it.

---

[4] Section 1442(a)(1) provides that any "civil action . . . that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:  (1) The United States or any agency thereof . . . for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue."

Gillette claims that the government forfeited its sovereign-immunity argument in the District Court by not sufficiently preserving it there. Specifically, the government removed Gillette's subpoena-enforcement action from the Superior Court to the District Court under § 1442(a)(1).[5] According to Gillette, the government's failure to challenge the District Court's jurisdiction upon removal was a procedural defect in the government's removal petition and therefore amounted to a forfeiture. The government disagrees, asserting that it may raise a question of subject-matter jurisdiction at any time.

When a case is removed to federal court under § 1442(a)(1), the District Court derives its subject-matter jurisdiction from the court from which the case was removed.[6] We have held that the question of a federal court's so-called "derivative jurisdiction" is one of subject-matter jurisdiction: "[I]f the state court had no jurisdiction, the federal court can acquire none, and must dismiss."[7] As with any other question

---

[5] While Congress has abrogated the derivative-jurisdiction doctrine for removals under 28 U.S.C. § 1441, Congress has not abrogated the doctrine for removals under § 1442(a)(1). *See, e.g.*, *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350–51 (5th Cir. 2014) (holding that Congress did not abrogate the derivative-jurisdiction doctrine for cases removed under § 1442).

[6] *Witherow v. Firestone Tire & Rubber Co.*, 530 F.2d 160, 167–68 (3d Cir. 1976) (holding that "it is undisputably the law[] that removal jurisdiction is derivative—that the federal court 'derives' its jurisdiction from the state court . . ..").

[7] *Id.*

of subject-matter jurisdiction,[8] we have held that a question of derivative jurisdiction can be raised at any time and thus cannot be waived or forfeited. [9]

Gillette asks us to reconsider our precedents and follow decisions made by our sister circuits holding that questions of "derivative jurisdiction" may be waived or forfeited.[10] We decline Gillette's invitation. As the Supreme Court explained, "[w]he[n] the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction."[11] We see no reason to disregard the Supreme Court's command.

---

[8] *See, e.g.*, *Wayne Land & Mineral Grp. LLC v. Delaware River Basin Comm'n*, 894 F.3d 509, 522 n.9 (3d Cir. 2018) (explaining that "subject[-]matter jurisdiction may be contested at any time").

[9] *Bradshaw v. General Motors Corp.*, 805 F.2d 110, 112 (3d Cir. 1986); *Gleason v. United States*, 458 F.2d 171, 173–74 (3d Cir. 1972); *Stapleton v. $2,438,110*, 454 F.2d 1210, 1217–18 (3d Cir. 1972).

[10] *See, e.g.*, *Rodas v. Seidlin*, 656 F.3d 610, 619 (7th Cir. 2011); *State of N.D. v. Fredericks*, 940 F.2d 333, 336–37 (8th Cir. 1991); *Morda v. Klein*, 865 F.2d 782, 784 (6th Cir. 1989); *Foval v. First Nat'l Bank of Commerce in New Orleans*, 841 F.2d 126, 129 (5th Cir. 1988); *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 800–01 (9th Cir. 1987).

[11] *Minnesota v. United States*, 305 U.S. 382, 389 (1939); *see also Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.*, 258 U.S. 377, 383 (1922); *General Inv. Co. v. Lake Shore & M.S. Ry. Co.*, 260 U.S. 261, 288 (1922).

B.

Next, we turn to the merits of the government's sovereign-immunity argument: Did the United States waive its sovereign immunity over Gillette's subpoena-enforcement action in such a way that the Superior Court had jurisdiction over it? "As a sovereign, the United States is immune from suit unless it consents to be sued."[12] For example, under § 702 of title 5 of the U.S. Code, the United States has waived sovereign immunity in non-monetary actions "in a court of the United States."[13] Whether the United States has waived its sovereign immunity is a jurisdictional question.[14]

Gillette argues that no issue of sovereign immunity exists here because the Superior Court, as a court in a territory of the United States, is a federal court. Thus, Gillette essentially contends that the United States waived its sovereign immunity over his action under § 702. Section 702 provides a waiver of sovereign immunity in an "action in a *court of the United States* seeking relief other than money damages" against an agency or officer of the United States.

We disagree with Gillette that the Superior Court is a court of the United States for two reasons. First, we look to the Revised Organic Act of the Virgin Islands. Specifically, the Revised Organic Act distinguishes between the District Court of the Virgin Islands, which "shall have the jurisdiction of a

---

[12] *See, e.g.*, *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010).

[13] *See, e.g.*, 5 U.S.C. § 702.

[14] *See, e.g.*, *White-Squire*, 592 F.3d at 456; *United States v. Bein*, 214 F.3d 408, 412 (3d Cir. 2000).

District Court of the United States," and "the local courts of the Virgin Islands," which are "established by local law."[15] Indeed, the Organic Act contemplates that "local law" will vest "local courts" with jurisdiction over certain matters, and, for any matter in which local law has not vested local courts with jurisdiction, the Organic Act vests original jurisdiction in the District Court.[16] As for jurisdiction over "offenses against the criminal laws of the Virgin Islands," the District Court shares concurrent jurisdiction with "the courts of the Virgin Islands established by local law."[17] In short, the Revised Organic Act contemplates the Superior Court being a creature of "local law"—not a federal court or a court of the United States.

Second, we look to the removal statute itself. The removal statute applicable here permits a "civil action . . . that is commenced in a *State court*" to be removed.[18] That statute defines "State court" to include "a court of a United States territory or insular possession."[19] Thus, the removal statute does not contemplate the Superior Court to be a federal court or court of the United States; instead, it considers the Superior Court to be effectively the same as a "State court."

In sum, under the Revised Organic Act, the Superior Court is a court established by Virgin Islands local law; and, under the removal statute, Gillette's subpoena-enforcement action came to federal court from a "State court." Thus, the Superior Court is neither a federal court nor a court of the

---

[15] *Compare* 48 U.S.C. § 1612(a); *id.* § 1612(b).

[16] *Id.* § 1612(b).

[17] *Id.* § 1612(c).

[18] *Id.* § 1442(a) (emphasis added).

[19] *Id.* § 1442(d)(6).

9

United States.  For that reason, § 702 provides no basis for a waiver of the United States's sovereign immunity.

Given that Gillette points to no waiver of the United States's sovereign immunity, the United States has not waived its sovereign immunity over Gillette's subpoena-enforcement action.

### III.

For the foregoing reasons, we will dismiss Gillette's appeal for lack of jurisdiction.