*Panos v. Fed. Deposit Ins. Corp.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand twenty-five.

PRESENT:
> DENNY CHIN,
> MYRNA PÉREZ,
> > *Circuit Judges.*[*]

_____

George Panos, as Co–Executor of the Estate of Petros Sarantakos, Evangelos Thomato, as Co–Executor of the Estate of Petros Sarantakos,

> *Plaintiff-Appellants,*

> v.                                                              No. 25-354

Federal Deposit Insurance Corporation, as Receiver of Signature Bank, Signature Bridge

_____

[*]      Judge Alison J. Nathan, who was originally assigned to the panel, is unable to participate in consideration of this matter. Pursuant to this Court's Internal Operating Procedures, the appeal has accordingly been heard and decided by the remaining two judges of the panel. *See* 2d Cir. IOP E(b).

Bank, N.A.,

*Defendants-Appellees*,

ABC CORPORATION NO. 1 THROUGH
ABC CORPORATION NO. 11, the true name
of said 11 defendant corporations being
unknown to plaintiff,

*Defendant.*

FOR PLAINTIFF-APPELLANTS:     GABRIEL FISCHBARG, New York, NY.

FOR DEFENDANT-APPELLEES:     MINODORA D. VANCEA (Dominic Arni, J.
Scott Watson, *on the brief*), Federal Deposit
Insurance Corporation, Arlington, VA.

Appeal from a judgment of the United States District Court for the Southern

District of New York (Rochon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,**

**AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant George Panos appeals the District Court's dismissal and

judgment in favor of Defendant-Appellee the Federal Deposit Insurance Corporation

("FDIC"). We assume the parties' familiarity with the underlying facts, the procedural

history, and the issues on appeal, which we reference only as necessary to explain our

decision to affirm on an alternative basis.

## I.     Standard of Review

"We review *de novo* both the grant of a motion to dismiss under Rule 12(b)(6) as

2

well as the grant of a Rule 12(b)(1) motion that 'is based solely on the complaint and the attached exhibits.'" *Kellogg v. Nichols*, 149 F.4th 155, 159 (2d Cir. 2025) (citations omitted). However, "[a] motion under Rule 12(b)(1) may also rely on evidence beyond the pleadings[,]" and "[w]hen a defendant makes such a fact-based motion, the plaintiff may respond with evidence of its own[,]" in which case "[w]e then review the district court's legal conclusions de novo and its factual findings for clear error." *Id.* (citation modified).

## II.   Discussion

The District Court dismissed the case based on its determination that it lacked jurisdiction under the relevant statutory provisions. This Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). In exercising that obligation, we have also determined that we lack jurisdiction, but for different reasons than those identified by the District Court and the parties. We therefore affirm for the alternative reasons explained herein.

The parties dispute, in part, whether Panos satisfied the requirements of 12 U.S.C. § 1821(d)(6)(A), and therefore, whether the Court has subject-matter jurisdiction over this case. The District Court ruled that Panos did not comply with the provision because he brought suit before final resolution of his administrative claims before the FDIC, and therefore, that it lacked jurisdiction. *See Panos v. Fed. Deposit Ins. Corp.*, No. 1:24-cv-03496 (JLR), 2025 WL 219347, at *4 (S.D.N.Y. Jan. 16, 2025). But we need not resolve this dispute

3

because the case presents another, more glaring jurisdictional defect.

This case implicates several provisions of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"). Generally, pursuant to FIRREA, suits in which the FDIC is a party are deemed to arise under the laws of the United States, and thus fall under the subject-matter jurisdiction of the federal courts. *See* 12 U.S.C. § 1819(b)(2)(A). Based on this general grant of jurisdiction, FIRREA dictates that the FDIC may typically remove a case from state court to federal court whenever it is a party. *See id*. § 1819(b)(2)(B). In line with these provisions, Panos initially filed this suit in state court, and the FDIC removed to the Southern District of New York based on § 1819(b)(2)(B).

But that is not the end of the story. FIRREA also provides that where a claim or action involves "payment from . . . the assets of any depository institution for which the [FDIC] has been appointed receiver[,]" *no court* has jurisdiction "[e]xcept as otherwise provided in this subsection[.]" *Id*. § 1821(d)(13)(D). The parties do not dispute that this case falls under the scope of § 1821(d)(13)(D).[1] Therefore, there must be a jurisdictional hook elsewhere in § 1821(d) for *any* court to exercise jurisdiction. *See Carlyle Towers Condo.*

---

[1] Moreover, pursuant to the canons of statutory interpretation, § 1821(d)(13)(D)'s jurisdiction-stripping language governs over the more generalized grant of jurisdiction asserted in § 1819(b)(2)(A). *See Lloyd v. Fed. Deposit Ins. Corp.*, 22 F.3d 335, 337 (1st Cir. 1994) ("We further understand the specific jurisdictional provision of section 1821(d)(13)(D) to control over the more general jurisdictional grant found in 12 U.S.C. § 1819(b)(2)(A).").

*Ass'n v. Fed. Deposit Ins. Corp.*, 170 F.3d 301, 307 (2d Cir. 1999) (interpreting "subsection" to refer to "the entirety of § 1821(d)").

In comes § 1821(d)(6)(A), the provision at the center of the parties' primary dispute. In the face of the jurisdictional black hole created by § 1821(d)(13)(D), § 1821(d)(6)(A) dictates that where a plaintiff has exhausted the administrative remedies available to it before the FDIC itself, that plaintiff can bring suit, within a specified time period,[2] in one of two federal district courts: the district court for the district in which the relevant depository institution's principal place of business is located or the United States District Court for the District of Columbia. *See* 12 U.S.C. § 1821(d)(6)(A). This Court has recognized that, when considered together, § 1821(d)(13)(D) and § 1821(d)(6)(A) ensure that until administrative remedies with the FDIC have been exhausted, "'no court shall have jurisdiction over . . . any claim[.]'" *Resol. Tr. Corp. v. Elman*, 949 F.2d 624, 627 (2d Cir. 1991) (quoting § 1821(d)(13)(D)(i)); *see also Carlyle Towers,* 170 F.3d at 307 ("FIRREA makes exhaustion a jurisdictional requirement[.]"). But crucially, even after a plaintiff has exhausted its administrative remedies, jurisdiction only vests in the two federal district courts listed in the statute.

---

[2] This specified period lies at the center of the parties' briefed dispute. The FDIC argues that the statute operates to preclude jurisdiction where a plaintiff brings suit outside of a *window* between the FDIC's disallowance of a plaintiff's administrative claim and a 60-day deadline. That is the interpretation adopted by the District Court. *See Panos*, 2025 WL 219347 at *4. As explained herein, the Court need not resolve this question of statutory interpretation.

Therein lies the rub.  Again, Panos originally filed suit in state court.  But pursuant to the provisions described herein, no state court has jurisdiction over Panos's claims regardless of the merits of his exhaustion arguments.  Put differently, even if § 1821(d)(6)(A) allowed Panos's claims, that provision could not afford the original state court subject-matter jurisdiction.  Of course, the case was removed to the Southern District of New York, a court that, assuming Panos properly exhausted under § 1821(d)(6)(A), would have had jurisdiction over this matter in the first instance.  But that does not save this case.  "'[W]here a state court lacks jurisdiction of the subject matter or of the parties, the federal District Court acquires none on a removal of the case . . . .  That is true even where the federal court would have jurisdiction if the suit were brought there.'"  *PT United Can Co.. v. Crown Cork & Seal Co.*, 138 F.3d 65, 72–73 (2d Cir. 1998) (quoting *Freeman v. Bee Mach. Co.*, 319 U.S. 448, 449 (1943)).  This principle has been abrogated by statute in cases involving the general removal statute, *see* 28 U.S.C. § 1441(f), but not as applied to other statutory grants of jurisdiction.[3]  Therefore, the Southern

---

[3]      After Congress amended § 1441 in 1986, our sister Circuits were split on whether the derivative jurisdiction doctrine remained in effect for cases involving jurisdiction under other statutes. *Compare North Dakota. v. Fredericks*, 940 F.2d 333, 336-37 (8th Cir. 1991) (holding that the doctrine was completely abandoned) *with Edwards v. United States Dep't. of Just.*, 43 F.3d 312, 316 (7th Cir. 1994) (continuing to apply to suit removed under § 1442).  But Congress's latest amendment in 2002 seemingly cleared up any dispute by adding the words "removed under this section" to § 1441(f).  *See Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350 (5th Cir. 2014), *as revised* (Apr. 28, 2014); *Ricci v. Salzman*, 976 F.3d 768, 772 (7th Cir. 2020).  Thus, both the text of the statute as amended and Congress's clear intention support the continued application of the derivative jurisdiction doctrine outside the context of § 1441.

District of New York lacked jurisdiction, though not solely for the reasons it identified, and the case was appropriately dismissed.

We have considered Panos's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court